595 So.2d 636 (1992)
Shirley LONG
v.
INSURANCE COMPANY OF NORTH AMERICA, et al.
No. 91-CC-1935.
Supreme Court of Louisiana.
March 2, 1992.
Steven W. Harris, Alexandria, for applicant.
Frank R. Whiteley, III, Denis Paul Juge, Sutherland, Juge, Horack & Dwyer, New Orleans, for respondent.
MARCUS, Justice.
This litigation is a result of legislation enacted in the 1988-90 legislative sessions to change the procedure for resolution of disputed worker's compensation claims. Prior to July 1, 1983, an employee with a disputed worker's compensation claim filed a civil suit in state district court. La.R.S. 23:1311 (Supp.1982). Legislation in 1983 established the Office of Worker's Compensation Administration (OWC) that handled *637 the initial filing of disputed claims. La. R.S. 23:1291, 1310 (1985). OWC evaluated the claim and issued an advisory recommendation that the employee was free to accept or to reject and to file suit in district court if the recommendation was rejected. La.R.S. 23:1310.1, 1311 (1985). Act 938 of the 1988 legislative session changed this process of dispute resolution. The act, to be effective January 1, 1990, created a new system of nine administrative hearing officers who "shall be vested with original, exclusive jurisdiction over all claims filed pursuant to the Worker's Compensation Act." 1988 Acts 938, amended by 1989 Acts 260.[1] The act provided for direct appeal of the hearing officer's decision to the circuit court of appeal. 1988 Acts 938 § 2, amended by 1989 Acts 454 § 9. In 1989 and 1990 the legislature enacted contingency legislation in the event the hearing officer provisions of Act 938 would be declared unconstitutional.[2] In the 1989 session, the legislature passed Act 23, which amended and reenacted the procedure in effect prior to Act 938, thereby reinstating state district court review of OWC advisory recommendations. 1989 Acts 23 § 1. The implementation of Act 23, however, was conditioned on Act 938 (hearing officer system) being declared unconstitutional. Section 2 of the act provided:
Notwithstanding any contrary provision of Act 938 of the 1988 Regular Session or that of any act of the 1989 Regular Session, this Act shall become effective as provided by Section 3 of this Act but the statutory provisions contained herein shall not become effective unless and until the day of the finality of a judgment pursuant to which the worker's compensation administrative hearing officer provisions of Act 938 of the 1988 Regular Session, including any amendments enacted during the 1989 Regular Session, declaring part or all of Act 938 as amended unconstitutional or otherwise barring its enforcement. In the absence of such a judgment, all provisions of this Act are repealed on January 1, 1991. (emphasis added)
The 1990 legislature passed Act 693, which amended Act 23 § 2 to limit the time period in which the old system would have effect, if at all, until the approval of a constitutional amendment permitting the hearing officer system. Section 2 of Act 693 added:
Additionally, the provisions of this Act shall be valid only until the approval by the electorate of a constitutional amendment, whether retroactive or prospective, permitting enforcement of the administrative hearing provisions of Act No. 938 of 1988 as amended. It is the express intent of the legislature that the provisions of Act 938 of the 1988 Regular Session of the Legislature be given continuing effect and that the provisions of this Act be automatically repealed on the effective date of that constitutional amendment. In the absence of a judgment of unconstitutionality as provided above, all provisions of this Act are repealed on January 1, 1991. (emphasis added)
Moreover, Act 1098 of the 1990 legislative session proposed the following constitutional amendment to be placed before the electorate in October 1990:
Section 16. (A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district *638 court shall have original jurisdiction in all civil and criminal matters. (emphasis added)
On September 6, 1990 we held that "the portions of Act 938 of 1988 which divest the district courts of original jurisdiction over worker's compensation claims violate La. Const. art. V, § 16(A)." Moore v. Roemer, 567 So.2d 75, 77 (La.1990). The judgment became final and definitive on October 4, 1990 when rehearing was denied. On October 6, 1990 the electorate approved the amendment to art. V, § 16 of the constitution, to become effective on November 7, 1990.
Shirley Long was employed as a carpenter by Newberg Construction Company (Newberg) in Lena, Louisiana. She claims that she suffered injuries to her back on December 12, 1989, while in the course and scope of her employment. On January 19, 1990 Long filed a Disputed Claim for Compensation form with OWC, stating that a bona fide dispute existed between her and Newberg due to Newberg's failure to pay her worker's compensation benefits and medical expenses. Newberg filed an answer alleging that Long's injuries were not work related. A hearing officer was assigned to the case and a date was eventually set for a trial on the merits before the hearing officer.[3]
Although she had filed a claim with OWC, Long filed a petition in district court on August 29, 1990, naming as defendants, Newberg and Insurance Company of North America (INA), Newberg's worker's compensation carrier at the time of the alleged accident. Defendants filed an exception of lack of subject matter jurisdiction[4], arguing that according to Act 693 of 1990 and the constitutional amendment, the proper forum for resolution of the case was the hearing officer system. The trial judge denied the exception and issued a preliminary injunction enjoining OWC from conducting further proceedings in this case. The court of appeal granted defendants' application for supervisory writs. The court reversed the judgment of the district court, holding that when the suit was filed, the law in effect provided for adjudication by hearing officers. Although that system was declared unconstitutional, it was subsequently validated by the constitutional amendment. The court dismissed Long's suit and remanded the case to OWC for further proceedings.[5] On Long's application to this court, we granted certiorari to review the correctness of that decision.[6]
The issue in this case is whether the proper forum for Long's claim for worker's compensation benefits is the OWC hearing officer system or the district court.
When Long filed her petition in the district court on August 29, 1990, the proper forum was the OWC hearing officer system, which had been in effect since January 1, 1990. Moore v. Roemer, which declared Act 938 unconstitutional, was not final and definitive until October 4, 1990. On that date, according to Act 23 (as amended by Act 693), the operation of Act 938 was suspended until the electorate approved a constitutional amendment permitting enforcement of its hearing officer provisions. The amendment was approved by the electorate on October 6, 1990 and became effective on November 7, 1990. Therefore, the operation of the hearing officer system was suspended between October 4 and November 7, 1990. During this period, Act 23 (as amended) provided for the temporary reinstatement of the prior law, which vested original jurisdiction in the district courts.
Although OWC had jurisdiction when Long filed her petition, that jurisdiction was later declared unconstitutional. The question thus arises as to the effect of the subsequent constitutional amendment on cases, such as Long's, that were filed between January 1 and October 4, 1990.
*639 We have held that a ratifying clause in a constitutional amendment can validate an unconstitutional statute from the date the statute would have gone into effect, had it not been unconstitutional. Peck v. Tugwell, 199 La. 125, 5 So.2d 524 (1941); see Fontenot v. Young, 128 La. 20, 54 So. 408 (1911). In Peck, the lawsuit attacked the constitutionality of 1940 Acts 141, which diverted a portion of gasoline tax proceeds to the General Highway Fund. Because of the questionable constitutionality of the act, the legislature in the same session had proposed a constitutional amendment containing a clause stating that any legislation adopted during the 1940 regular session, based on the proposed amendment, would be validated and ratified by the adoption of the amendment. Focusing on the intent of the legislature, this court held that the purpose of the clause was to ratify and validate Act 141. As a result, the act was retroactively validated from the date it was originally to go into effect, not from the effective date of the amendment. In Plebst v. Barnwell Drilling Co., 243 La. 874, 884-85, 148 So.2d 584, 588 (1963), which concerned a constitutional amendment that ratified a zoning statute passed several years earlier, we stated:
[I]t is equally well settled that statutes, in conflict with the constitution at the time they are passed, are validated by a constitutional amendment which expressly ratifies and confirms them and they may be given retrospective effect "... provided such validation does not impair the obligations of a contract or divest vested rights." (citations omitted)
In the present case, the amendment itself does not specifically refer to Act 938 or the 1988 legislative session, but the intent of the legislature in proposing the amendment is clear. The amendment contains the following clause: "except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters." Prior to Act 938 of 1988, there was no law that provided for administrative agency determination of worker's compensation claims. All prior statutes vested jurisdiction with the district court either from the outset or after rejection of the OWC advisory recommendation. The preamble to Act 1098, which proposed the constitutional amendment, states the following:
Proposing to amend Article V, Sections 10(A) and (B) and 16(A), of the Constitution of Louisiana, relative to court jurisdiction, to permit direct review of administrative agency determinations by the courts of appeal in worker's compensation matters when provided for by law....
Section 3 of Act 1098 resolved that the following proposition be placed on the ballot above the proposed amendment:
To provide that the trial of worker's compensation cases may be decided by administrative hearing officers, rather than the district court, that appeals from administrative agency decisions on worker's compensation cases shall be heard by the courts of appeal, and to validate such processes already in operation pursuant to law.
The intent of the 1990 legislature was also expressly set forth in Act 693 § 2, which amended Act 23 of 1989 and provided:
It is the express intent of the legislature that the provisions of Act No. 938 of the 1988 Regular Session of the Legislature be given continuing effect and that the provisions of this Act [23] be automatically repealed on the effective date of that constitutional amendment. (emphasis added)
Thus, the intent of the legislature was that the constitutional amendment would validate Act 938's provisions for exclusive original jurisdiction of worker's compensation claims in the OWC hearing officer system, which had been temporarily suspended. The 1990 legislature passed two acts in which it clearly expressed its intent that the provisions of Act 938 of 1988 be given continuing effect. The prior law vesting jurisdiction in the district courts was reenacted only as a temporary solution until the adoption of the constitutional amendment.
The consequence of this validation is that Act 938 is effective as of January 1, 1990 *640 the date on which it would have gone into effect had it not been declared unconstitutional.[7] The amendment's retroactive validation of Act 938 will not result in an impairment of contractual obligations or a loss of vested rights. The change in law addresses subject matter jurisdiction and is therefore procedural, not substantive. The only effect on Long will be that an OWC hearing officer rather than a district court judge will hear her case. She will not lose the right to have her cause of action tried.
Accordingly, we find that the trial judge erred in overruling defendants' exception of lack of subject matter jurisdiction and in granting Long's request for a preliminary injunction enjoining OWC from further proceedings. The court of appeal reversed, dismissed Long's suit, and remanded the case to OWC for further proceedings. The effect of this ruling was to sustain the exception and to dismiss the suit without prejudice. However, it was unnecessary to remand the case to OWC as Long had previously filed a claim with OWC.

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed, but it is amended insofar as it remanded the case to OWC for further proceedings. Long may proceed with her claim as originally filed with OWC. All costs of these proceedings are assessed against Long.
NOTES
[1] Act 260 delayed the implementation of the hearing officer system until January 1, 1990. It also provided a schedule of claims affected by the new provisions. The hearing officer procedure would apply to claims arising from injuries incurred on or after July 1, 1983. Claims filed with the OWC director before January 1, 1990 and not yet resolved would be processed through the prior system, i.e., an advisory recommendation from OWC with the right to file in district court if the recommendation was rejected.
[2] La. Const. art. V, § 16 at that time provided:

(A) Original Jurisdiction. Except as otherwise authorized by this constitution, a district court shall have original jurisdiction of all civil and criminal matters.
A suit attacking the constitutionality of Act 938 was pending. See Moore v. Roemer, 567 So.2d 75 (La.1990).
[3] The original trial date of August 13, 1990 was continued until March 11, 1991.
[4] Defendants filed this exception in January 1991, after the effective date of the constitutional amendment.
[5] 580 So.2d 725 (La.App. 3d Cir.1991).
[6] 588 So.2d 1103 (La.1991).
[7] "[O]n October 6, 1990, the electorate approved a constitutional amendment validating the hearing officer system retrospectively to January 1, 1990." 14 Wex S. Malone & H. Alston Johnson, II, Louisiana Civil Law Treatise § 381.10 (Supp. 1991).