610 So.2d 860 (1992)
Betty ATIYANI
v.
DENHAM SPRINGS HEALTH CARE and Fidelity & Casualty of New York.
No. CA 91 1975.
Court of Appeal of Louisiana, First Circuit.
October 16, 1992.
Rehearing Denied January 11, 1993.
*861 Joe Thompson, Baton Rouge, for plaintiff-appellee.
Russell Cornelius, New Orleans, for defendants-appellants.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
WHIPPLE, Judge.
The defendants, Denham Springs Care Center, Incorporated, and its worker's compensation insurer, Fidelity and Casualty Company of New York, suspensively appeal from a judgment by default, which was confirmed by the plaintiff in district court on January 25, 1991. Because the district court lacked subject matter jurisdiction over this worker's compensation suit at the time judgment was rendered, we reverse.

FACTS
The plaintiff, Betty Jean Riley Atiyani, suffered a work-related injury on January 15, 1988, and received weekly compensation benefits from the date of injury until February 2, 1990, when benefits were terminated by the employer's insurer. She then filed a Disputed Claim for Compensation (LDOL-WC 1008 petition) for additional benefits with the Office of Worker's Compensation Administration (OWCA) on April 9, 1990. After the defendants failed to answer her claim, Atiyani requested entry of a preliminary judgment pursuant to LSA-R.S. 23:1316, which was granted on May 29, 1990, by hearing officer Robert W. Varnado, Jr. The preliminary judgment ordered the payment of weekly compensation benefits in the amount of $238.79, commencing January 15, 1988, and continuing pending further orders.
Thereafter, the defendants allegedly failed to pay Atiyani any additional benefits; and on October 22, 1990, she filed a petition in district court seeking executory judgment for the net amount of benefits which had accrued under the preliminary judgment previously entered in the proceedings before the hearing officer. Atiyani also sought a twelve percent penalty and attorney's fees, as provided by LSA-R.S. 23:1201 and 1201.2. The petition in district court was filed after the Supreme Court's decision became final on October 4, 1990 in Moore v. Roemer, 567 So.2d 75 (La.1990), which declared the OWCA hearing officer system unconstitutional; but before November 7, 1990, the effective date of the amendment to La. Const. art. V, §§ 10(A), 10(B), and 16(A) which reversed the Moore decision and retroactively validated the administrative remedy portion of the Worker's Compensation Act.
The defendants also failed to answer Atiyani's district court petition. On January 22, 1991, Atiyani filed a motion for preliminary judgment by default, which was entered the same day and confirmed by the district court on January 25, 1991. The defendants then perfected this suspensive appeal, contending the district court lacked jurisdiction over the subject matter of Atiyani's lawsuit.

*862 DISCUSSION
The defendants argue that at the time the district court rendered its judgment, the court did not have jurisdiction over the subject matter in this case because Act 938 of 1988, vesting original jurisdiction of worker's compensation cases in the OWCA hearing officer system, had been retroactively validated by constitutional amendment. Acts 1990, No. 1098. Alternatively, they argue that the evidence presented was insufficient to support the judgment rendered by the district court.
Act 938 of 1988 eliminated the role of the district courts in worker's compensation litigation and created administrative hearing officers within the OWCA to serve the adjudicatory function that district court judges had previously fulfilled. In Moore v. Roemer, 567 So.2d at 75, the Supreme Court declared the administrative remedy portion of Act 938 unconstitutional on the grounds that it divested district courts of original jurisdiction over worker's compensation claims, in violation of La. Const. art. V, § 16(A).
The judgment of the Supreme Court in Moore became final and definitive on October 4, 1990, when rehearing was denied. Pursuant to Act 1098 of 1990, a proposed constitutional amendment was submitted to the electorate on October 6, 1990, to amend La. Const. art. V, §§ 10(A), 10(B), and 16(A), to provide for administrative agency determinations of worker's compensation disputes and to give continuing and retroactive effect to Act 938 of 1988.
The proposed constitutional amendment was ratified by the electorate and became effective on November 7, 1990. Thus, the constitutional amendment effectively reversed the Moore decision and retroactively validated the OWCA hearing officer system which had been declared unconstitutional in Moore. See La. Const. art. V, §§ 10(A), 10(B), and 16(A); Acts 1990, No. 693, § 2.
Thus, the operation of the hearing officer system was suspended between October 4, 1990, and November 7, 1990. Our Supreme Court recently summarized these changes and noted in Long v. Insurance Company of North America, 595 So.2d 636 (La.1992):
In the 1989 session, the legislature passed Act 23, which amended and reenacted the procedure in effect prior to Act 938, thereby reinstating state district court review of OWC advisory recommendations. 1989 Acts 23 § 1. The implementation of Act 23, however, was conditioned on Act 938 (hearing officer system) being declared unconstitutional....
* * * * * *
The 1990 legislature passed Act 693, which amended Act 23 § 2 to limit the time period in which the old system would have effect, if at all, until the approval of a constitutional amendment permitting the hearing officer system.
During this period, Act 23 (as amended) provided for the temporary reinstatement of the prior law, which vested original jurisdiction in the district courts. The prior law vesting jurisdiction in the district courts was reenacted only as a temporary solution until the adoption of the constitutional amendment. Long, 595 So.2d at 639.
The Court in Long concluded it was the legislature's intent that the constitutional amendment would validate Act 938's provisions for exclusive original jurisdiction of worker's compensation claims in the OWCA hearing officer system. "The consequence of this validation is that Act 938 is effective as of January 1, 1990the date on which it would have gone into effect had it not been declared unconstitutional." Long, 595 So.2d at 639-640 (footnote omitted).
In Long, the claimant filed a petition on August 29, 1990 in district court for worker's compensation benefits, although she had previously filed a claim with the OWCA. After the effective date of the constitutional amendment, validating the hearing officer system, the defendants filed an exception raising the objection of lack of subject matter jurisdiction. The court of appeal reversed the district court's denial of this exception. The Supreme Court affirmed, finding that the constitutional amendment's retroactive validation *863 of Act 938 of 1988 would not result in the impairment of contractual obligations or a loss of vested rights. Long, 595 So.2d at 640.
Laws which determine jurisdiction and procedure are applicable from the date of their promulgation, to all lawsuits, even to those which bear upon facts and acts of a prior date and to pending lawsuits. McBead Drilling Company v. Kremco, Ltd., 509 So.2d 429, 431 (La.1987); Dripps v. Dripps, 366 So.2d 544, 548 (La.1978). The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. LSA-C.C.P. art. 3.
Pursuant to LSA-R.S. 23:1310.3 A(4), as amended by Act 938 of 1988, and retroactively validated by the constitutional amendment in 1990, the OWCA hearing officer has exclusive, original jurisdiction of all claims filed pursuant to the Worker's Compensation Act as of January 1, 1990.[1] Although Atiyani filed her petition when jurisdiction was temporarily vested in the district courts, the district court in the present case lost subject matter jurisdiction on the effective date of the constitutional amendment. Accordingly, after November 7, 1990, subject matter jurisdiction reverted to the hearing officer. Thus, the district court did not have jurisdiction over the subject matter of Atiyani's compensation claim when it rendered judgment in her favor on January 25, 1991.
Our finding that the district court lacked jurisdiction to render judgment requires reversal of the district court's judgment. Accordingly, we pretermit discussion of the defendants' alternative argument. We remand to the OWCA for further proceedings.

DECREE
For the foregoing reasons, the judgment rendered by the district court in favor of plaintiff, Betty Atiyani, on January 25, 1991, is hereby reversed and the case is remanded to the Office of Worker's Compensation Administration for further proceedings. Assessment of costs on appeal shall await final disposition of this case.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 23:1310.3 was later amended by Acts 1991, no. 892, sec. 1. This amendment has no effect on this appeal.