YELVERTON, Judge.
This appeal presents the issue of whether or not the district court had subject matter jurisdiction over a petition for worker’s compensation benefits filed February 3, 1989.
On June 21, 1988, Betty Greis was injured while working at Lake Charles Memorial Hospital. A compensation claim was filed with the Office of Worker’s Com *1024 pensation for resolution of the claim after Lake Charles Memorial and its insurer, Partners National Health Plans, refused to pay worker’s compensation benefits.
The parties received the recommendation of the OWC on January 18, 1989. This recommendation was rejected. Thereafter, Greis filed a petition for worker’s compensation benefits and penalties and attorney’s fees on February 3, 1989, in the district court.
On August 29,1991, Lake Charles Memorial filed a declinatory exception of subject matter jurisdiction. A hearing on the exception was held on October 15, 1991. The court sustained the exception and a judgment was signed on December 6, 1991, dismissing the claims of Greis and ordering that all future matters on this claim were to be litigated before the OWC.
It is from this judgment that Greis has appealed. We reverse.
JURISDICTION
This litigation is a result of legislation enacted in the 1988-90 legislative sessions to change the procedure for resolution of disputed worker’s compensation claims. These changes in procedure were discussed in the supreme court opinion Long v. Insurance Company of North America, 595 So.2d 636 (La.1992). That case dealt with the effect of a constitutional amendment validating the legislative provisions after the legislation had been declared unconstitutional. The case held that a claimant who filed a petition after the effective date of the legislation, but before the legislation was declared unconstitutional, had to proceed before a hearing officer rather than a district court judge.
Act 260 of 1989 amended Act 938 of 1988 to provide, in part:
... [Cjlaims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties’ acceptance of the director’s recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1, 1990.
Commenting on this act, the Supreme Court in Long, in a footnote on page 637, stated:
Act 260 delayed the implementation of the hearing officer system until January 1, 1990. It also provided a schedule of claims affected by the new provisions. The hearing officer procedure would apply to claims arising from injuries incurred on or after July 1, 1983. Claims filed with the OWC director before January 1, 1990 and not yet resolved would be processed through the prior system, i.e., an advisory recommendation from OWC with the right to file in district court if the recommendation was rejected.
Greis’ claim was filed with the OWC prior to January 1, 1990. Since one of the parties rejected the OWC’s recommendation, the claim has not been resolved. Therefore, Act 260 of 1989 applies and the claim must be resolved by the procedures in effect prior to January 1, 1990, i.e., an advisory recommendation from the OWC with the right to file in district court if the recommendation was rejected. ■
The Long decision was handed down after the trial court’s ruling in this case. The exception of subject matter jurisdiction is overruled. The case is remanded for further proceedings.
All costs of this appeal are assessed to Lake Charles Memorial Hospital.
REVERSED AND REMANDED.