GUIDRY, Judge.
Plaintiffs, State Farm Fire and Casualty Insurance Company (State Farm) and Lee-Dee Cigar and Candy Company (Lee-Dee), appeal from the Office of Worker’s Compensation (OWC) hearing officer’s dismissal for lack of subject matter jurisdiction of their petition to modify a worker’s compensation judgment. The judgment sought to be modified was rendered by the district court on January 22, 1986. The hearing officer determined that jurisdiction was proper in the district court in which a separate petition for modification was also filed and a judgment refusing modification was rendered. For the reasons which follow, we affirm.

FACTS

Barbara Young injured her back on December 13, 1984 while in the course and scope of her employment with Lee-Dee. She underwent fusion surgery and, thereafter, was diagnosed with chronic adhesive arachnoiditis. She filed suit against her employer and its compensation carrier, State Farm, on September 12, 1985. On January 22, 1986, the district court rendered judgment finding Young temporarily and totally disabled and entitled to compensation retroactive to the date of her injury.
A petition for modification was initially filed on August 4, 1989 in the district court in which the original judgment of compensation was rendered. State Farm and Lee-Dee sought a ruling that Young was no longer entitled to receive any benefits whatsoever or, alternatively, that she was only entitled to receive supplemental earnings benefits. Their position was based mainly on the results of a medical examination conducted by Dr. William Foster, who concluded that Young was capable of doing sedentary or clerical work. On January 19, 1990, State Farm and Lee-Dee filed a motion to compel a vocational evaluation and answers to interrogatories. A hearing on the motion was scheduled in the district court for March 13, 1990, but, according to plaintiffs’ brief, the trial judge subsequently cancelled the hearing. It is unclear from the record whether a hearing actually took place.
Due to what plaintiffs characterize as the trial judge’s concern- that legislation creating the OWC hearing officer system, which became effective on January 1, 1990, may have divested the district court of subject matter jurisdiction, plaintiffs filed another petition for modification of the trial court’s January 22, 1986 judgment with the OWC on March 26, 1990. Over a year later, on April 5, 1991, the district court issued an order denying plaintiffs’ motion to compel a vocational evaluation. On August 6, 1991, the trial judge rendered judgment dismissing plaintiffs’ petition for modification. The judgment provided, in pertinent part, as follows:
... After a hearing on this matter, this court after reviewing the facts and evidence finds , there is insufficient change in circumstances to justify an independent examination by a vocational rehabilitation expert and on April 5, 1991 denied defendant’s rule.
IT IS ORDERED, ADJUDGED AND DECREED that this Court finds no change in circumstances justifying a modification of this Court’s earlier January 22, 1986 judgment....
On October 16, 1991, the OWC hearing officer conducted a trial on the merits of plaintiff’s petition for modification filed therein. At the close of the evidence, the hearing officer noted his awareness of the district court judgment and requested that the parties, in post trial memoranda, discuss whether the district court judgment affected the OWC proceedings. On March 16, 1992, the hearing officer rendered judgment dismissing the matter for lack of subject matter jurisdiction. In that judgment, the hearing officer reasoned as follows:
[[Image here]]
The matter upon which Judge Lyons ruled is the same presently under consideration by this Court. Since the present *163 matter was filed in District Court in August of 1989, months prior to January, 1990, when the jurisdiction over workers’ compensation matters switched to the Hearing Officer system, and was still pending in District Court when the same matter was filed with the Office of Workers’ Compensation in 1990, it is clear, therefore, that the Office of Workers’ Compensation does not have jurisdiction over the present matter. Any ruling made by this Court would be void and without effect. Judge Lyons’ August 6, 1991 Judgment properly adjudicates the present matter.
[[Image here]]
From this judgment, State Farm and Lee-Dee appeal and assign the following errors:
I. The OWC ruling that it lacked subject matter jurisdiction to hear the petition for modification filed on March 26, 1990;
II. The OWC ruling that it lacked subject matter jurisdiction due to the pen-dency of a separate petition for modification in the district court at the time the OWC petition was filed; and,
III. The OWC ruling that the August 6, 1991 district court judgment properly adjudicates the present matter.

OPINION

Plaintiffs originally sought modification in the district court on August 4, 1989. At that time, the district court clearly had subject matter jurisdiction to hear the modification issue pursuant to La. R.S. 23:1331(C),[1] which was repealed by Acts 1988, No. 938, § 3, effective January 1, 1990. On that date, when the OWC hearing officer system became effective, the district court had not rendered judgment on the petition for modification nor had it held a hearing on the merits of the issues raised by the petition. La. R.S. 23:1310.-8(B), which was made effective January 1, 1990, provided that, thereafter, OWC hearing officers would hear modification applications as follows:
Upon the application of any party in interest, on the ground of a change in conditions, the hearing officer may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Worker’s Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
We must decide whether the simultaneous repeal of La. R.S. 23:1331(C) and enactment of La. R.S. 23:1310.8(B) transferred subject matter jurisdiction to the OWC for modification cases pending but not yet heard or ruled upon in the district court.
We note that the hearing officer system was subsequently declared unconstitutional as a violation of La. Const, art. V, § 16(A) in Moore v. Roemer, 567 So.2d 75 (La.1990), which became a final and definitive judgment on October 4, 1990 when rehearing was denied. Two days later, the electorate approved an amendment to Art. V, § 16 which validated the legislation establishing the hearing officer system. This amendment was held effective retroactive to the original effective date of the establishing legislation, January 1, 1990. Long v. Insurance Company of North America, 595 So.2d 636 (La.1992). The court in Long reasoned that “the change in law addresses subject matter jurisdiction and is therefore procedural, not substantive”. Long, supra, at 640.
The precise issue presented concerns whether subject matter jurisdiction *164 over the petition for modification, which was originally properly filed in the district court on August 4,1989 and which was still pending on January 1, 1990, was transferred to the OWC or remained in the district court. Act 260 of 1989, which amended sections four and five of Act 938 of 1988 provides, in pertinent part, as follows:
“Section 4. (A) A claim arising from an injury which occurred prior to July 1, 1983, shall be resolved in the same manner as other civil matters.
“(B) A claim arising from an injury which occurred on or after July 1, 1983, shall be heard and resolved according to the procedures provided for in this Act.
“(C) However, claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties’ acceptance of the director’s recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1, 1990.”
In Ross v. Highlands Insurance Co., 590 So.2d 1177 (La.1991), the court concluded that an action to enforce a worker’s compensation judgment filed on April 16, 1989, did not qualify as a “claim” as that term is intended under the Worker’s Compensation Act and, more specifically, the above-cited transitional provision. The court reasoned that the term “claim”, which is not specifically defined in the Worker’s Compensation Act, contemplates a “claim for relief ... initiated by the filing of a petition with the OWC once an issue surfaces which the parties themselves cannot resolve”. Ross, supra, at 1181.
We note that the legislature provided no other transitional provisions to guide us than the general provisions contained in Act 260 of 1989. In other words, no specific transitional provision was passed which dealt with the disposition of pending and as yet unresolved modification actions. We conclude, however, that the petition for modification filed by State Farm and Lee-Dee on August 4, 1989, which was still pending and unresolved as of January 1, 1990, constituted a new “claim” subject to the transitional provisions of Act 260 of 1989. As such, under paragraph (C) of section four, it was to be resolved under the pre-January 1,1990 procedures. Thus, the OWC correctly ruled that subject matter jurisdiction was proper in the district court for the petition for modification filed therein on August 4, 1989.
As mentioned, State Farm and Lee-Dee filed a separate petition for modification with the OWC on March 26, 1990. This filing on March 26, 1990 was properly made in the OWC pursuant to paragraph (B) of Section 4 of Act 260 of 1989. Thereafter, both petitions for modification were simultaneously pending in their respective forums. The district court judgment was the first to be rendered on August 6, 1991. Defendant did not file an exception of lis pendens in either forum prior to the rendition of the first judgment. La.C.C.P. art. 531[2] provides:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
Section 1 of the Act provided:
“This Act shall become effective January 1, 1991, and shall apply to all civil actions filed on or after January 1, 1991. The preclusive effect and authority of a judgment rendered in an action filed before the effective date of this Act shall be determined by the law in effect prior to January 1, 1991. ”
Clearly, these two suits involved the same transaction or occurrence and the same parties in the same capacities. State Farm and Lee-Dee, whether knowingly or otherwise, “continued the prosecution” of both suits, which resulted in the district *165 court judgment being first rendered. That judgment became final with the passage of the time delays for appealing as provided by law. It was thus “conclusive of all”. The OWC hearing officer did not err in recognizing the conclusive effect of the pri- or district court judgment.
For the above and foregoing reasons, the judgment of the OWC is affirmed. All costs of these proceedings are assessed to plaintiffs-appellants, State Farm and Lee-Dee.
AFFIRMED.
PER CURIAM.
The judgment in the district court suit was “conclusive of all” proceedings then pending on the same transaction, between the same parties in the same capacities and seeking the same relief. The proceeding pending in the OWC terminated when the district court judgment became final and was no longer viable and could not be revived by a later hearing in that proceeding. The OWC hearing officer did not ex proprio motu recognize the exception of res judica-ta as urged by applicant, rather he recognized that the OWC proceeding was terminated by the earlier district court judgment and could no longer be prosecuted. With these comments, the application for rehearing is denied.

. This former statute provided as follows:
At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.
As with an originally filed worker’s compensation claim under the pre-January 1, 1990 law, the director’s recommendation was advisory and could be appealed to the district court for a trial de novo of the issues raised by the petition for modification. It is unclear as to whether State Farm and Lee-Dee first requested a director’s review prior to filing the petition for modification in the district court.

. La.C.C.P. art. 531 was amended by Act No. 521, § 2 of 1990, effective January 1, 1991. The prior article read as follows:
When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.