BARRY, Judge.
Alan G. Delaune appeals the dismissal of his 34th Judicial District Court suit to annul a judgment approving his compensation settlement with his former employer, S.G.B. Construction Services, Inc. (SGB), and its compensation carrier, Aetna Casualty and Surety Company (Aetna).[1]
*270 Delaune claims the district court lacked subject matter jurisdiction to approve a settlement because the workers’ compensation law (on May 10,1990) gave exclusive jurisdiction to hearing officers with the Office of Workers’ Compensation (OWC). Delaune also submits that the judgment should be annulled because it was obtained by fraud and/or ill practices.

BACKGROUND

Delaune injured his back in October 1989 in the course and scope of his employment with SGB and received benefits of $276 per week.
The parties agreed to settle Delaune’s claim for $46,500 and submitted a joint motion of compromise to the hearing officer for OWC. The hearing officer rejected the settlement because it did not comply with the six-month waiting period in La.R.S. 23:1271.
On May 10, 1990 the parties filed a joint petition to compromise the claim in the 34th Judicial District Court. The petition noted that Delaune was not represented by counsel and the court appointed an attorney to represent him. On the same day the trial judge approved the $46,500 settlement and discharged SGB and Aetna from all liability.
Delaune claims that he first learned in August 1991 that the proper procedure to obtain approval of his settlement was not followed. On August 21, 1991 Delaune filed suit to annul the judgment based on the district court’s lack of subject matter jurisdiction and because the judgment was obtained by fraud and/or ill practices.
Trial on the suit to annul was on August 3, 1992. Delaune testified that no one pressured or coerced him to settle and that he needed the money to support his family. He received the entire $46,500.
The trial court stated:
From its effective date of January 1, 1990, through October of 1990 when it was ratified by constitutional amendment, Act 23 of 1989 and Act 693 of 1990 purported to preserve the old law [i.e., judicial approval of workers’ compensation settlements] until such time as the constitutional amendment was approved.
The Court finds that it had jurisdiction to issue judgment in this case on May 10, 1990.
The trial court noted that a bona fide dispute existed as to the extent of Delaune’s future disability and the necessity for surgery; thus the settlement was a “compromise” rather than a “lump sum” settlement. As to the fraud claim, the court stated that Delaune freely consented to the settlement and was represented by counsel.
Delaune raises eight assignments which we have consolidated:
(1) the district court lacked subject matter jurisdiction to approve workers’ compensation settlements at the time the judgment was rendered; thus, the judgment was an absolute nullity under La.C.C.P. art. 2002;
(2) the judgment was obtained by fraud and/or ill practices, because Aetna and SGB failed to follow procedural requirements for workers’ compensation settlements under La.R.S. 23:1271 et seq.;
(3) there was a bona fide dispute between the parties and any settlement should have been categorized as a “lump sum” settlement rather than a “compromise;”
(4) refusal to award attorney’s fees was erroneous.
We find merit in Delaune’s first assignment of error and pretermit the others.

SUBJECT MATTER JURISDICTION

La.C.C.P. art. 3 states:
The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void.
La.C.C.P. art. 2002 states in part:
A final judgment shall be annulled if it is rendered:
* * * * * *
(3) by a court which does not have jurisdiction over the subject matter of the suit. *271 Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time.
Acts 1988, No. 938, § 3, effective January 1, 1990 changed the procedure for resolution of compensation eases. Prior to Act 938 the OWC handled the initial filing of a claim and issued an advisory recommendation. If the recommendation was rejected the employee could file suit in district court. The Act created nine hearing officers who had exclusive original jurisdiction over all claims. The Act further provided for a direct appeal of the hearing officer’s decision to the court of appeal. In contrast, the former La.R.S. 23:1273, repealed by Act 938, had allowed for district court approval of a compensation settlement if the OWC hearing officer refused to approve it.
Delaune claims that after the January 1, 1990 effective date of the Act, district courts no longer had subject matter jurisdiction to approve compensation settlements.
Aetna and SGB claim that after Act 938, La.R.S. 23:1273 has undergone amendments and reenactments which gave it continuing validity at the time Delaune’s claim was filed in the district court.
The Supreme Court in Long v. Insurance Company of North America, 595 So.2d 636, 637-38 (La.1992) explained the history of Act 938 and its progeny:
In 1989 and 1990 the legislature enacted contingency legislation in the event the hearing officer provisions of Act 938 would be declared unconstitutional. In the 1989 session, the legislature passed Act 23, which amended and reenacted the procedure in effect prior to Act 938, thereby reinstating state district court review of OWC advisory recommendations. 1989 Acts 23 § 1. The implementation of Act 23, however, was conditioned on Act 938 (hearing officer system) being declared unconstitutional. Section 2 of the act provided:
Notwithstanding any contrary provision of Act 938 of the 1988 Regular Session or that of any Act of the 1989 Regular Session, this Act shall become effective as provided by Section 3 of this Act but the statutory provisions contained herein shall not become effective unless and until the day of the finality of a judgment pursuant to which the worker’s compensation administrative hearing officer provisions of Act 938 of the 1988 Regular Session, including any amendments enacted during the 1989 Regular Session, declaring part or all of Act 938 as amended unconstitutional or otherwise barring its enforcement. In the absence of such a judgment, all provisions of this Act are repealed on January 1, 1991.
The 1990 legislature passed Act 693, which amended Act 23 § 2 to limit the time period in which the old system would have effect, if at all, until the approval of a constitutional amendment permitting the hearing officer system. Section 2 of Act 693 added:
Additionally, the provisions of this Act shall be valid only until the approval by the electorate of a constitutional amendment, whether retroactive or prospective, permitting enforcement of the administrative hearing provisions of Act No. 938 of 1988 as amended. It is the express intent of the legislature that the provisions of Act 938 of the 1988 Regular Session of the Legislature be given continuing effect and that the provisions of this Act be automatically repealed on the effective date of that constitutional amendment. In the absence of a judgment of unconstitutionality as provided above, all provisions of this Act are repealed on January 1, 1991.
Moreover, Act 1098 of the 1990 legislative session proposed the following constitutional amendment to be placed before the electorate in October 1990:
Section 16. (A) Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a district court shall have original jurisdiction in all civil and criminal matters. *272 over worker’s compensation claims violate La. Const, art. V, § 16(A).” Moore v. Roemer, 567 So.2d 75, 77 (La.1990). The judgment became final and definitive on October 4, 1990 when rehearing was denied. On October 6, 1990 the electorate approved the amendment to art. V, § 16 of the constitution, to become effective on November 7,1990. (Emphasis in the original; footnotes omitted).
*271 On September 6, 1990 we held that “the portions of Act 938 of 1988 which divest the district courts of original jurisdiction
*272 The plaintiff in Long filed her petition for benefits in the district court on August 29, 1990. The defendant’s exception of lack of subject matter jurisdiction was denied and this Court reversed, holding that when suit was filed the law provided for adjudication by a hearing officer. The Supreme Court discussed the effect of the constitutional amendment (effective November 7, 1990) on cases (such as Delaune’s) that were filed between January 1,1990 and October 4,1990, the date that Moore v. Roemer became final and definitive.[2]
In Long the Supreme Court noted that “... a ratifying clause in a constitutional amendment can validate an unconstitutional statute from the date the statute would have gone into effect had it not been unconstitutional.” This is so “provided such validation does not impair the obligations of a contract or divest vested rights.” Id., at 639, quoting Plebst v. Barnwell Drilling Company, 243 La. 874, 884-85, 148 So.2d 584, 588 (1963).
In Long, 595 So.2d at 639, the Supreme Court declared:
... [T]he intent of the legislature was that the constitutional amendment would validate Act 938’s provisions for exclusive original jurisdiction of worker’s compensation claims in the OWC hearing officer system, which had been temporarily suspended. The 1990 legislature passed two acts in which it clearly expressed its intent that the provisions of Act 938 of 1988 be given continuing effect. The prior law vesting jurisdiction in the district courts was reenacted only as a temporary solution until the adoption of the constitutional amendment.
In Long the Court held that Act 938 is effective as of January 1, 1990 and the amendment’s retroactive validation of Act 938 will not result in an impairment of contractual obligations or a loss of vested rights because the change addresses subject matter jurisdiction and is procedural rather than substantive. The court sustained the exception of lack of subject matter jurisdiction.
Aetna and SGB contend that unlike Long, this matter involves a settlement, and retroactive application of the constitutional amendment thus divests vested rights and affects contractual obligations. We disagree. Long specifically notes that the amendment’s retroactive validation of Act 938 will not result in an impairment of contractual obligations because the change is procedural, not substantive.
Thus, the settlement was null and void ab initio because the district court did not have subject matter jurisdiction. The district court judgment dismissing Delaune’s petition to annul is reversed. Delaune’s petition for annulment is granted and the district court judgment approving the settlement is declared null.

REVERSED.

SCHOTT, C.J., concurs.

. Delaune also appealed the judgment of the Hearing Officer of the Office of Worker’s Compensation maintaining an exception of res judica-ta in # 92-CA-2596. That OWC judgment was based on the district court judgment (appealed here) approving his compromise compensation *270 settlement. That appeal, initially consolidated, will be discussed in a separate opinion.

. From October 6, 1990 (the date the constitutional amendment was approved) to November 7, 1990, Act 23 (as amended) provided for tem-poraiy reinstatement of the prior law which vested original jurisdiction in the district courts.