657 So.2d 732 (1995)
Leo VEAL, Sr.
v.
AMERICAN MAINTENANCE & REPAIR, INC., and Aetna Casualty & Surety Company.
No. 94 CA 2164.
Court of Appeal of Louisiana, First Circuit.
June 23, 1995.
Dele A. Adebamiji, Baton Rouge, for plaintiff-appellant.
Henry G. Terhoeve, Baton Rouge, for defendant-appellee.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
SHORTESS, Judge.
This is a worker's compensation case arising out of an accident in which Leo Veal, Sr. (plaintiff), injured his hand on May 25, 1988, while in the course and scope of his employment. Plaintiff filed a claim in the Office of Worker's Compensation (OWC), which was disputed by his employer, American Maintenance *733 and Repair, Inc., and its insurer, Aetna Casualty and Surety Company (defendants). By letter dated August 2, 1988, the OWC certified that its recommendation had not been accepted by one of the parties. Plaintiff filed suit January 23, 1989, alleging he was totally and permanently disabled. He also alleged he needed future medical treatment and vocational rehabilitation and was entitled to medical expenses, travel expenses, penalties for arbitrary and capricious denial of benefits, attorney fees, litigation costs, and "any other awards justified under the provisions of the Louisiana Worker's Compensation Laws." Judgment was rendered in plaintiff's favor October 2, 1991. The judgment awarded plaintiff the "maximum amount of compensation benefits due from the date of accident ... through this trial date." Plaintiff also was awarded medical and travel expenses, penalties, interest, and attorney fees. Defendants appealed, and this court affirmed the judgment of the trial court on December 23, 1992.
On February 1, 1993, plaintiff filed a "Motion to Clarify Judgment" asking the trial court to clarify its judgment as to future medical treatment and benefits. The trial court denied the motion.
On March 13, 1994, plaintiff filed a "Petition for Recertification of Workmen's Compensation" (petition). The petition names the same defendants, alleges the same injury, and seeks "all medical and incidental expenses" and "other sums, amounts and remedies that the Court may direct, or for other awards justified under the provisions of the Worker's Compensation Laws...."
Defendants responded by filing peremptory exceptions of res judicata and prescription, seeking dismissal with prejudice of plaintiff's petition. The trial court agreed and granted the exceptions. In oral reasons, the trial court stated:
Well, in September of 1991 this came on for trial and I was very generous, and I awarded the plaintiff compensation benefits back to 1988 .... That was upheld by the First Circuit.
In February of '93 he filed a motion to clarify the judgment. It was somewhat confusing as to exactly what he was seeking, but the motion was denied.
There's another petition now for recertification, which is the same as the clarification in my mind. It's a new petition, and it states that he's still suffering pain and is having ongoing problems.
The problem is, I'm not sure exactly what a recertification is. I understand what a modification of the compensation judgment would have been. But a recertification, you can't just come back in the court every year or so with a new claim on the same injury.
As to res judicata, it's the same plaintiff; it's the same defendants, and it's the same injury. And I've already ruled on the case, and the case has been appealed and affirmed.
I sustain the exceptions of res judicata and prescription.
Appealing from this judgment, plaintiff contends "his injury has been diagnosed as life time and he is unable to find or perform the kind of job he has been trained and specialized in before the accident...." Plaintiff contends the trial court in the original ruling did not decide his degree of injury or whether he was entitled to rehabilitation.

A. Plaintiff's Petition for Recertification
The trial court stated it was confused by plaintiff's request for "recertification" and interpreted the petition as a request to re-litigate the same issues which were previously litigated. Plaintiff's petition, admittedly, is vague. Nevertheless, it does request any remedy provided under the worker's compensation scheme. In his brief on appeal, plaintiff specifies that he is seeking a redetermination of his status and a determination of benefits based on a change in circumstances.
The worker's compensation scheme allows him to do so. A compensation award may be modified by either party because of change in disability after an award had been made. LSA-R.S. 23:1310.8; Landreneau v. Liberty Mutual Ins. Co., 309 So.2d 283, 284-85 (La.1975); Jones v. Murphco, 93-540 (La. *734 App.3d Cir. 2/16/94), 640 So.2d 335, 340. See also former LSA-R.S. 23:1331.[1]
Louisiana Revised Statute 23:1310.8(B) specifically empowers the OWC with continuing jurisdiction. The statute reads, in part:
Upon the application of any party in interest, on the ground of a change in conditions ... [to] review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded....
The record does not clearly show plaintiff seeks merely to re-litigate his initial award; therefore, we are compelled to assume he does not. Disotell v. Wadsworth Golf Const., 500 So.2d 371, 373 (La.1987).
We are constrained to note, however, that although plaintiff could seek a modification based on a change in circumstances, the district court was not the proper place to seek it. The district court no longer had subject matter jurisdiction.
District courts were divested of original jurisdiction in worker's compensation matters by amendment of the Louisiana Constitution, Article 5, sections 10(A), 10(B), and 16(A), effective November 7, 1990.[2] The amendment also retroactively validated the administrative portion of the Worker's Compensation Law.
Laws which determine jurisdiction and procedure are applicable from the date of their promulgation to all lawsuits, even those which bear upon prior acts and facts and even to pending lawsuits. McBead Drilling Co. v. Kremco, Ltd., 509 So.2d 429, 431 (La.1987); Atiyani v. Denham Springs Health Care, 610 So.2d 860, 863 (La.App. 1st Cir.1992), writ denied, 614 So.2d 1265 (La. 1993). The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties, and any judgment rendered by a court lacking subject matter jurisdiction is void. La.C.C.P. art. 3; Atiyani, 610 So.2d at 863.
Plaintiff's "Petition for Recertification," which we view as a request for modification, was filed in the district court on March 13, 1994. Therefore, the district court lacked subject matter jurisdiction over the entire matter. Long v. Insurance Co. of North America, 595 So.2d 636 (La.1992).[3]
Because we find the trial court lacked subject matter jurisdiction, the judgment of the trial court granting the exception of res judicata and prescription is void and must be vacated. We remand to the Office of Worker's Compensation Administration for further proceedings.
VACATED and REMANDED.
NOTES
[1] Under the old worker's compensation scheme, district courts had power to modify a prior award under Revised Statute 23:1331(C), but a claimant still was required first to file his claim with the OWC before the district courts had jurisdiction to act. LSA-R.S. 23:1331(C); Disotell v. Wadsworth Golf Constr. Co., 500 So.2d 371 (La.1987).
[2] Acts 1990, No. 1098, § 1.
[3] We note that the divestiture of jurisdiction from the district courts does not affect plaintiff's substantive rights. The only effect will be that an OWC hearing officer will hear the case rather than the district court. Long, 595 So.2d at 640.