laCANNELLA, Judge.
Defendant, McDermott, Inc. (McDermott), appeals from a judgment from the Office of Workers’ Compensation (OWC), dismissing the claim of plaintiff, Keith Sevin (Sevin), based on the finding that the OWC lacked jurisdiction over the matter. For the reasons which follow, we affirm.
On August 19, 1981, while in the course and scope of his employment with McDer-mott, Sevin was involved in an automobile accident wherein he injured his lower back, necessitating a two level laminectomy. He has not returned to work since the accident.
Sevin received weekly compensation benefits from McDermott from October 1981 through February 22, 1993, at which time McDermott discontinued paying benefits. On January 18, 1994, Sevin filed suit in the Twenty-Fourth Judicial District Court, Parish of Jefferson, Division “H” for ^wrongful termination of benefits. On January 27, 1994, Sevin also filed a claim for wrongful termination of benefits against McDermott in the OWC. The OWC hearing officer rendered judgment on August 10, 1994, holding that the OWC did not have jurisdiction over the matter, but rather, jurisdiction rested in state court.[1] It is from this judgment that McDermott appeals.
McDermott argues on appeal that under La.R.S. 23:1310, et seq. and Act No. 938 of 1988, effective January 1, 1990, original, exclusive jurisdiction of all worker’s compensation claims filed after January 1, 1990 rests in the OWC. Therefore, since Sevin did not file his claim until 1994, the OWC hearing officer erred in holding that the OWC lacked jurisdiction. McDermott relies on the case of Long v. Insurance Co. of North America, 595 So.2d 636 (La.1992) in support of its position.
Sevin argues that the provisions vesting exclusive jurisdiction in the OWC do not apply to claims arising from injuries incurred before July 1,1983. Therefore, Sevin argues that the OWC ruling that it lacked jurisdiction over his claim was correct. Sevin contends that the Long case, relied on by McDermott, is distinguishable and actually supports his position.
Historically, original jurisdiction in worker’s compensation cases rested in the state district courts, as did jurisdiction in other civil matters. La.R.S. 23:1311 (Supp.1982). In 1983, the Legislature established the UOWC to handle the initial filing of a disputed claim by evaluating the claim and issuing advisory recommendations. Suit could thereafter be filed in district court if the recommendation was rejected. La.R.S. 23:1310.1, 1311 (Í985).
In 1988, the Legislature enacted Act No. 938.of the 1988 legislative session, changing this process of dispute resolution and vesting original, exclusive jurisdiction 'in nine administrative hearing officers of the OWC, with direct appeal to the state circuit courts of appeal. Act 938 of 1988 was amended by Act 260 of 1989, delaying the implementation of the new system until January 1, 1990. Act 260 also provided a schedule of claims affected by the new provisions, stating that “a claim arising from an injury which occurred prior to July 1,1983, shall be resolved in the same manner as other civil matters”, that is, under the jurisdiction of the state district courts.
Other contingency legislation was enacted, reinstating the former advisory system, in the event that the hearing officer provisions of Act 938 were declared unconstitutional. Act 23 of 1989. In Moore v. Roemer, 567 So.2d 75 (La.1990) the hearing officer system, vesting original, exclusive jurisdiction in OWC was held unconstitutional. The opinion was definitive on October 4, 1990 when rehearing was denied. Thereafter, the electorate approved an amendment to Art. V, § 16 of the Louisiana Constitution, effective November 7, 1990, removing the constitutional bar to the legislative transfer of jurisdiction over worker’s compensation cases to the OWC. The constitutional amendment vali *859 dated the hearing officer system retroactively to January 1,1990. Long v. Insurance Co. of North America, supra.
l5The accident in which Sevin sustained his injuries occurred on August 19, 1981. Because his employer voluntarily paid compensation benefits to him until February 22, 1993, the claim was not filed in this ease until January of 1994, after the change in the system, which now vests original, exclusive jurisdiction in the OWC. Thus, the issue presented here is whether jurisdiction properly rests in the state district court, as argued by Sevin, or in the OWC, as argued by McDermott.
Both parties rely on the Long case in support of their arguments. McDermott contends that Long holds that all claims filed after November 7, 1990 must be filed with the OWC and heard by a hearing officer. We disagree.
In Long the worker was injured on December 12, 1989 and filed her compensation claim on January 19,1990. At that time, the hearing officer system was in effect. However, as stated above, it was declared unconstitutional by final judgment of October 4,1990. Thereafter, on October 6, 1990, effective November 7, 1990, the electorate approved constitutional amendments which removed the constitutional bar to the hearing officer system. The court determined in Long, that a claim for injuries suffered on December 12, 1989 and filed after January 1, 1990 was governed by the hearing officer system, due to the retroactive effect of the subsequent constitutional amendment.
The holding in the Long case is not dispos-itive of the ease before us, where the injuries were incurred before July 1, 1983. To the contrary, footnote 1 in Long notes that Act 260 of 1989 set out a schedule of claims providing that “[t]he hearing officer procedure would apply to claims arising |fifrom injuries incurred on or after July 1, 1983.” Claims filed with the OWC after January 1, 1990 would be handled under the new hearing officer system and those filed prior to January 1, 1990 and not yet resolved would be processed through the prior system, with advisory recommendations from OWC and the right to file in district court if the recommendation was rejected.
Therefore, we find no merit in McDer-mott’s arguments that the hearing officer erred in holding that the OWC lacked jurisdiction over Sevin’s claim for compensation for injuries incurred prior to July 1, 1983.
Accordingly, the judgment of the OWC is affirmed and McDermott is assessed costs of appeal.

AFFIRMED.

. In the district court action, McDermott filed an exception to the jurisdiction of the court. The trial judge granted the exception but thereafter stayed the matter, on motion for new trial, pending the outcome of this appeal.