| iPETERS, Judge.
This appeal arises out of a dispute over an employer’s right of access to certain medical records of an employee in a worker’s compensation claim. The defendant-employee, Lonnie Reese, appeals the judgment of the Worker’s Compensation Administrative Hearing Officer which ordered him to sign a medical information release form authorizing the plaintiff-employer, Dresser Industries[1], to obtain certain medical records from Reese’s health care providers and which suspended payment of worker’s compensation benefits until compliance with the order.
DISCUSSION OF THE RECORD
Whether or not Reese actually sustained a compensable accident and injury is not at issue in this appeal. Dresser Industries (Dresser) paid worker’s compensation benefits and related medical expenses from January 1987 until benefits were ^suspended by order of the hearing officer on May 31, 1995.
In March of 1994, Reese brought a claim before the Office of Worker’s Compensation Administration, complaining of delays in receiving his weekly benefit checks and asserting that certain medical bills had not been paid timely. A discovery deposition of Reese was taken in conjunction with his claim. This deposition revealed that he had been treated at a Veterans Administration Hospital on referral from a psychologist whose treatment was being paid for by Dresser. The employer then requested that Reese sign a medical release to obtain those and other medical records. When Reese did not *1153 comply with this request, Dresser filed a motion to compel him to provide the authorization. Although there is no written order in the record, the hearing officer apparently granted Dresser the relief requested at a hearing on February 8,1995. Before supplying Dresser with the authorization, Reese dismissed his claim. A judgment of dismissal was signed by the hearing officer on February 14,1995.
On March 30, 1995, Dresser filed this action against Reese again requesting, among other relief, that Reese be ordered to sign a medical release. At a hearing on May 31, 1995, which Reese did not attend, the hearing officer again ordered that Reese sign a medical release form for the employer to obtain information from all medical providers who had treated him and further ordered that worker’s compensation benefits be suspended until the authorization was signed.
OPINION
Reese has filed this appeal in proper person. In his written request for appeal, Reese asserted that the order was “outside the proper court procedures” and therefore should be rendered invalid. He sought return of the benefits that were suspended from May 31,1995 to June 6,1995.
|3We find that the hearing officer erred in ordering Reese to sign the medical release and suspending benefits. La.R.S. 23:1127(A) provides in part[2]:
In any claim for compensation, a health care provider who has at any time treated the employee shall release any requested medical information and records relative to the employee’s injury, to the employee, employer, or its worker’s compensation insurer .... Any information relative to any other treatment or condition shall be available to the employer or his worker’s compensation insurer by subpoena or through a written release by the claimant.
(Emphasis added).
While providing that an employer may obtain medical information and records of a claimant by written release, this statute does not expressly authorize a hearing officer to suspend benefits upon an employee’s refusal to sign a written release. If the employee refuses to sign a written release, the employer still has access to the appropriate records by subpoena.
We note that La.R.S. 23:1310.5(A)(1) does empower a hearing officer to “make such order, decision, or award as is proper, just, and equitable” after completion of a hearing. However, we do not find that suspension of benefits for refusal to sign a medical release falls within that power, given the fact that an employer has an adequate remedy by subpoena. This action cannot be compared to the authority to suspend compensation benefits for an employee’s refusal to submit to a medical examination as provided in La.R.S. 23:1124, since in the case of refusal 14to submit to a medical examination, the employer has no other means of obtaining the requested information.
Reese has only appealed the suspension of his benefits and contends in brief that he has complied with the order, to sign the medical release. Therefore, we address only the issue before us, and, finding no statutory or jurisprudential authority for the suspension of benefits under the circumstances of this case, we conclude that the hearing officer erred in suspending Reese’s compensation benefits.
DISPOSITION
For the reasons set forth herein, we reverse the judgment of the hearing officer concerning the suspension of worker’s com *1154 pensation benefits. We assess all costs of this appeal to Dresser Industries.
REVERSED.

. Dresser Industries is also referred to in pleadings as Dresser Industrial Valve.

. We note that La.R.S. 23:1127 was not in effect on the date of the accident. We also note that the Louisiana Workers' Compensation Act that was in effect on the date of the injury is usually controlling. See Darbonne v. Canal Ref. Co., Inc., 614 So.2d 159 (La.App. 3 Cir.1993). However, laws that determine jurisdiction and procedure are applicable to all lawsuits from the date of their promulgation. Veal v. American Maintenance & Repair, Inc., 94-2164 (La.App. 1 Cir. 6/23/95); 657 So.2d 732. A procedural law is one that prescribes methods for enforcing substantive laws and relates to the form of the proceedings or to the operation of laws. Stelly v. Overhead Door Co. of Baton Rouge, 94-0569 (La. 12/8/94); 646 So.2d 905. We find that La.R.S. 23:1127(A) is a procedural law and therefore is applicable to the case at hand.