609 So.2d 199 (1992)
Kathleen CROWLEY
v.
CITY OF LAFAYETTE.
No. 92-C-1592.
Supreme Court of Louisiana.
November 30, 1992.
Rehearing Granted in Part and Denied in Part February 4, 1993.
*200 Sera H. Russell, III, Lafayette, for applicant.
Michael D. Hebert, Lafayette, for respondent.
Stephen E. Broyles, Baton Rouge, for Earl Brooks (Amicus Curiae).
HALL, Justice.
This case presents the issue of whether the amendment to LSA-R.S. 23:1103 adding subsection (B), effective January 1, 1990, should be retroactively applied. The same issue is also raised in St. Paul Fire & Marine Ins. Co. v. Smith, 596 So.2d 272 (La.App. 3d Cir.), writ granted, 600 So.2d 593 (La.1992). Because both cases involve this common issue, the two cases were consolidated for purposes of oral argument. We render a separate opinion in St. Paul today.
In September 1987, plaintiff, Kathleen Crowley, was injured during her employment with defendant, City of Lafayette, when she was struck by an automobile. The City then began paying her worker's compensation and medical benefits. Thereafter, she commenced suit against the third party tortfeasor, Roberts Jenkins, and his insurer. The City intervened in that suit, seeking reimbursement of compensation and medical expenses paid as a result of the accident.
In September 1989, Ms. Crowley settled her tort claim. All the parties to the tort suit, including the City, were parties to the settlement agreement, which was confected orally and recited in open court.[1] Pursuant to the agreement, the City received the full amount of compensation benefits it had paid to Ms. Crowley, $39,452.25, and Ms. Crowley received $85,547.75. As to the latter, it was stipulated that this amount "is for the sum which would be appropriate to reimburse her for her general damages, for pain and suffering, mental anguish, and so forth." Crowley v. City of Lafayette, 602 So.2d 40, 45 (La.App. 3d Cir.), writ granted, 601 So.2d 663 (La.1992). The City expressly agreed to the latter stipulation.
Shortly thereafter, the City ceased paying Ms. Crowley's compensation benefits and medical expenses. Ms. Crowley responded by commencing the instant action, seeking past due compensation and related medical expenses. The district court held in Ms. Crowley's favor, requiring the City to reinstate Ms. Crowley's weekly compensation benefits from the date of last payment, to pay outstanding medical expenses, and to pay any future expenses incurred in relation to the accident.[2]
The City appealed. The court of appeal framed the issue as whether the 1989 amendment to LSA-R.S. 23:1103, adding subsection (B), should be applied retroactively so as to allow the City a credit for future compensation benefits regardless of the nomenclature used to describe Ms. Crowley's award. Answering this question in the affirmative, the court found the City entitled to such a credit, reversed in part, *201 and remanded the case for further proceedings. Crowley v. City of Lafayette, 602 So.2d 40 (La.App. 3d Cir.1992). We granted Ms. Crowley's writ application to consider this retroactivity question. 601 So.2d 663 (La.1992).
For the reasons detailed in the companion St. Paul case, we find that the 1989 amendment adding Subsection (B) to LSA-R.S. 23:1103 is substantive and is to be accorded prospective application only.[3]
The judgment of the court of appeal is reversed in part and the judgment of the district court is reinstated except for the award of attorney's fees.
REVERSED IN PART.
NOTES
[1] No one disputes the validity of the compromise agreement. See LSA-C.C. Art. 3071 (providing that compromise can be confected by a contract "recited in open court and capable of being transcribed from the record of the proceeding.")
[2] The district court further found the City's actions were arbitrary and capricious and thus awarded statutory penalties and attorney's fees in the amount of $2,000. The court of appeal reversed this finding, reasoning that the City's actions, under the facts of this case, were not arbitrary and capricious. Plaintiff does not complain of this part of the court of appeal decision, and we do not disturb it.
[3] This holding makes it unnecessary to consider plaintiff's contention that the amendment, even if retroactive, applies only to judgments and not to settlements.