NORRIS, Judge.
The intervenor, Hartford Accident & Indemnity Co., appeals a judgment that awarded it reimbursement of only 20.522% of the proceeds of a tort judgment in favor of the injured employee, Ronald Ardoin, even though Hartford previously paid Ar-doin workers compensation benefits that far exceeded the proceeds of the tort judgment. Notably, the accident occurred before a 1989 amendment to La.R.S. 23:1103, which governs reimbursement in this type of case. For the reasons expressed, we affirm.
Ronald Ardoin was in the course and scope of his employment for Weeks Equipment Rental on July 28, 1986, when he had an auto accident with Lars Martin. Seriously injured, Ardoin began to draw weekly benefits and medicals from Weeks’s comp carrier, Hartford. Ardoin then sued Martin and his liability insurer, Allstate, in tort. Hartford intervened, seeking in effect reimbursement for the benefits it paid Aucoin, “with preference and priority” and recognition of its “subrogation claim.”
Before trial Allstate placed in the court registry the balance of Martin’s policy limits, $30,327.72. After trial in September ■ 1989, the court found in favor of Ardoin and against Martin and Allstate. It awarded Ardoin $250,000 in general damages, $31,570.38 for lost wages and $29,625 for medical expenses, for a total of $311,-195.38.
In late 1991 both Ardoin and Hartford moved to withdraw the funds from the court registry. By this time Hartford had paid Ardoin over $63,000 in benefits, and argued it was entitled to recover Allstate’s entire deposit. Ardoin also wanted the entire deposit, but suggested in the alternative that the court apportion it between the claimants.
The right of reimbursement is set out in La.R.S. 23:1103, which at the time of Ar-doin’s accident provided:
In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his de-pendente.] * * *
In written reasons for judgment, the trial court cited the jurisprudence interpreting this provision, summarized in Brooks v. Chicola, 514 So.2d 7 (La.1987). Brooks held that reimbursement to the compensation insurer must necessarily be limited only to the damage awards for loss of earnings and medical expenses. Id., at 13. It cannot reach into the employee’s general damages.
The trial court stated that if Ardoin had received only general damages, Hartford would not be entitled to reimbursement. However, reasoning that part of the judgment was for reimbursable specials, the court took the equitable approach of reimbursing Hartford a percentage of the deposit, based on the proportion of comp benefits paid by Hartford to the entire tort proceeds. See Harris v. Ballansaw, 576 So.2d 602 (La.App. 4th Cir.1991). Hartford paid benefits of $63,861.61, or 20.522% of the tort award of $311,195.38; thus Hartford was allowed to withdraw 20.522% of the deposit.
Hartford now appeals, urging simply that the plain meaning of R.S. 23:1103 as it read at the time of Ardoin’s accident mandates that Hartford be reimbursed the entire deposit. We disagree. Our analysis is aided by the fact that in 1989 the legislature amended R.S. 23:1103 by adding this provision:
B. The claim of the employer shall be satisfied * * * from the first dollar of the judgment without regard to how the damages have been itemized or classified by the judge or jury. Such first dollar *984 satisfaction shall be paid from the entire judgment, regardless of whether the judgment includes compensation for losses other than medical expenses and lost wages. La. Acts 1989, No. 454.
In the recent case of St. Paul Fire & Marine Ins. Co. v. Smith, 609 So.2d 809 (La.1992), the Supreme Court held that this amendment is substantive in nature as it significantly alters the respective rights of the injured employee and the employer (or compensation carrier). Indeed, prior to amendment Louisiana law “unequivocally recognized the employee’s right to retain his general damage award by excepting that award from the employer’s preferential right to reimbursement.” Id., at 820. In Smith the Supreme Court refused to give retroactive application to the amendment. See also Smith’s companion case of Crowley v. City of Lafayette, 609 So.2d 199 (La.1992). These cases reaffirm the principles discussed in Brooks, supra, and Fontenot v. Hanover Ins. Co., 385 So.2d 238 (La.1980), for accidents arising before the January 1, 1990 effective date of the amendment to R.S. 23:1103.
Thus the trial court did not err in refusing to let Hartford withdraw the entire deposit as reimbursement. The allocation effected by the trial court in accordance with Harris v. Ballansaw, supra, is not-plainly wrong under the circumstances. The judgment is affirmed at Hartford’s costs.
AFFIRMED.