625 So.2d 265 (1993)
Edgar C. MELTON
v.
GENERAL ELECTRIC COMPANY, INC., et al. (Two Cases).
Nos. 92-CA-1453, 92-CA-2306.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1993.
*266 John G. Lankford, Thomas E. Stirewalt, Jr., Metairie, for plaintiff/appellant.
Michael S. Guillory, Metairie, for intervenor/appellant, American Motorists Ins. Co.
Before BARRY, BYRNES and LOBRANO, JJ.
BARRY, Judge.
Edgar Melton, who was injured in a work-related accident, filed a personal injury suit and his employer's insurer, American Motorists Insurance Company-Kemper Group [AMIC], intervened. Melton was awarded $606,900 plus interest from the date of judicial demand. The trial court granted AMIC's request for reimbursement of compensation benefits in an amount to be determined by rule. The court also preserved Melton's right against AMIC for proportionate costs of the tort litigation including attorney's fees.
This Court reversed that judgment, 566 So.2d 98 (La.App. 4th Cir.1990) and the Supreme Court reversed and reinstated the trial court's judgment. 579 So.2d 448 (La. 1991).
On July 10, 1991 Melton filed a motion to apportion in the 34th Judicial District Court. On August 30, 1991 the trial court (having misconstrued Melton's motion to be a motion for summary judgment) denied Melton's motion. Melton appealed the judgment and AMIC filed a motion to dismiss. Because the judgment was not final, it was not appealable. In # 91-CA-2343 this Court granted AMIC's motion to dismiss Melton's appeal, but granted his writ application to review the trial court decision. This Court declared that Melton was entitled to proceed summarily against AMIC to apportion costs and attorney's fees. This Court ordered that a hearing be held to determine the retroactivity of Moody v. Arabie, 498 So.2d 1081 (La.1986) and AMIC's share of attorney's fees. No writs were taken by AMIC.
The trial court denied AMIC's motion for summary judgment and Melton's motion for sanctions. The May 11, 1992 judgment ordered AMIC to pay $92,860.32 as its share of Melton's attorney's fees and costs.
AMIC appealed, but before the record was lodged and assigned an appeal number, Melton filed a motion to dismiss which is appeal # 92-CA-1453. No record was lodged in # 92-CA-1453. Melton sought dismissal of AMIC's appeal which is appeal # 92-CA-2306. Melton filed a motion to consolidate # 92-CA-1453 and # 92-CA-2306. On December 11, 1992 this Court denied Melton's motion to dismiss (# 92-CA-1453) and converted AMIC's suspensive appeal (# 92-CA-2306) to a devolutive appeal. Melton's motion to consolidate was granted.
AMIC argues that:

*267 1) the tort verdict against the third party tortfeasor is not res judicata as to future compensation benefits;
2) Moody v. Arabie is not retroactive.
Melton answered AMIC's appeal and also appealed arguing that:
1) interest is due on the award of attorney's fees and costs and should run from the date of his original judicial demand;
2) the amount of attorney's fees to be paid by AMIC is inadequate.
Melton also argues that AMIC's suspensive appeal was untimely and an appeal bond was not filed. On December 22, 1992 this Court converted AMIC's appeal to a devolutive appeal. This assignment is moot.

AMIC'S APPEAL
AMIC argues that Moody v. Arabie, 498 So.2d at 1081, does not apply retroactively to the accident on August 26, 1983 or Melton's suit (July 18, 1984) because Moody was new law and applied prospectively. Melton answers that Moody was rendered prior to the May 10, 1988 judgment (which preserved his right to apportion) and his July 10, 1991 motion to apportion costs.
In opposition to AMIC's summary judgment motion and by brief Melton argues that AMIC did not appeal the May 10, 1988 tort judgment. Additionally, Melton noted that AMIC did not appeal the November 18, 1988 judgment in the 19th Judicial District Court which granted Melton's summary judgment as to AMIC's liability to pay its share of costs.[1]
Moody permits an injured employee to recover the proportionate share of expenses of a tort recovery which benefits the compensation carrier. See generally, William Grimley, Sharing the Load: Proportioning Litigation Cost under Moody, 38 La.B.J. 159 (1990). In reasons for judgment the trial court applied Moody because it did not change the law and filled a void in the prior law. The trial court concluded that equity requires AMIC to share Melton's costs.
In Taylor v. Production Services, Inc. of Mississippi, 600 So.2d 63 (La.1992), the Supreme Court applied Moody and amended a judgment to require a compensation carrier to pay its share of costs. Taylor's accident occurred on November 13, 1985 and suit was filed on June 26, 1986. Both dates precede Moody (November 24, 1986). Melton's accident on August 26, 1983 and his July 18, 1984 suit preceded Moody. However, Taylor's tort judgment was September 3, 1987 and Melton's tort award was May 10, 1988. Their rights to apportion did not exist until the tort judgments were rendered which was subsequent to Moody. The Supreme Court reinstated Melton's judgment which preserved his right to a Moody claim. 579 So.2d at 448. The Moody formula is applicable. AMIC's argument lacks merit.
AMIC also argues that the trial court erroneously held that the judgment against the third party tortfeasor is res judicata as to Melton's permanent and total disability benefits and AMIC'S liability for future benefits to Melton. AMIC quotes the trial court's reasons:
Certainly, AMIC benefited by the reimbursement of the $73,907 it previously paid to Mr. Melton in benefits. There were however, further benefits to AMIC.
A jury found Melton to be permanently and totally disabled and in need of future medical care; and awarded him what it believed were appropriate sums in compensation. Meltons' [sic] recovery relieved AMIC of the responsibility to pay continuing disability benefits and medical expenses to Melton, saving AMIC a considerable sum.

*268 The Court finds AMIC's arguments that the jury verdict is insufficient evidence to support a projection of future compensation benefits to be without serious merit, and holds that Meltons' [sic] injuries and medical condition are res judicata.
However, the judgment itself does not so state. The May 10, 1988 judgment decreed that AMIC was entitled to reimbursement for past and future benefits (to be fixed by rule) subject to a credit for the amount Melton received. The judgment did not release AMIC from payment of future benefits or declare that the permanent total disability was res judicata. According to AMIC's brief, Melton refused to settle his compensation claim.
The reasons for judgment are flawed, but the judgment is correct and controls. Reasons for judgment set forth the basis for the court's holding and are not binding. Comeaux v. City of Ville Platte, 617 So.2d 1313 (La.App. 3rd Cir.1993). See also Fisher v. Rollins, 231 La. 252, 91 So.2d 28 (1956).
AMIC also submits that it was deprived of an opportunity to establish Melton's future disability in front of a hearing officer. However, the Moody formula includes the valuation of future benefits. This argument has no merit.
We note in recent cases that an award for attorney's fees for future compensation liability has not been an issue. Section C of La.R.S. 23:1103 added by 1989 La.Acts 454 (effective January 1, 1990) provides that the compensation carrier is no longer responsible for attorney's fees relating to future benefits.

MELTON'S APPEAL
Melton argues that interest on the award for attorney's fees should run from the date of his original judicial demand on July 18, 1984. In his motion to apportion Melton prayed for interest from the tort judgment, May 16, 1988 (the correct date is May 10, 1988). AMIC responds that the trial court correctly denied interest because there was no obligation to pay prior to the May 11, 1992 judgment. AMIC argues that if interest is due it should accrue from May 10, 1988, the date of the judgment on his main demand.
In Taylor, 600 So.2d at 68, the parties agreed that legal interest on attorney's fees should run from the date of the demand for apportionment. We are satisfied that the date of judicial demand is justified. Until a motion to apportion is filed, there cannot be a recovery for attorney's fees and costs. Melton filed his motion to apportion on July 10, 1991. Therefore, the judgment is amended to award interest on AMIC's share of the attorney's fees from July 10, 1991 until paid. AMIC alleges that on June 10, 1992 it offered to Melton's counsel "the full amount of the judgment," but was refused. If payment was unconditionally tendered and refused, interest would not accrue after that date. See American Motorist Insurance Company v. American Rent-All, Inc., 617 So.2d 944 (La.App. 5th Cir.1993). AMIC does not prove its bald allegation that Melton's counsel refused the money tendered. The judgment is amended to award interest on AMIC's share of attorney's fees from July 10, 1991 until payment or the tendering thereof.
We find no merit to Melton's claim that AMIC should pay all costs. In its reasons the trial court ordered each party to pay its own costs.
Melton also claims that the apportionment award is inadequate. Under Moody the necessary and reasonable costs of recovery "are to be apportioned between the worker and the employer according to their interest in the recovery." Harris v. Ballansaw, 576 So.2d 602, 605 (La.App. 4th Cir. 1991), quoting Moody, 498 at 1086. The ratio of AMIC's reimbursement to Melton's recovery equals AMIC's share of the recovery. Id.
The court determined AMIC's proportionate share based on the ratio of its past and future compensation to Melton's total recovery. AMIC had paid $73,907 in benefits at the time of the judgment. Because the recovery is a credit against AMIC's future compensation, the present value of AMIC's probable future compensation liability was also considered. Id.
*269 Dr. Wolfson, Melton's economics expert, based his calculations on permanent disability and used variables as to the length of time Melton would receive future benefits, the discount, and the rate of interest. Dr. Wolfson also considered future medical expenses. In his uncontested testimony Dr. Wolfson submitted percentages ranging from 28.53% to 50.69% to reflect AMIC's proportionate share of the total recovery cost, $320,208. After "careful consideration of Dr. Wolfsons' [sic] economic tables and the equities of this case," the trial court decided AMIC owed 29% or $92,860.32. We find no abuse of the trial court's discretion.
AMIC relied on the testimony of the supervisory attorney in its law firm to obtain a credit. Documentation of $9,183.70 in attorney's fees was submitted, but the attorney who billed most of the hours did not testify. The supervisory attorney's testimony was not specific as to the work performed. Melton claims one-half or $4,591.85 is the maximum supported by the record.
The trial court erred by not giving AMIC credit for any attorney's fees. We amend the judgment to reflect a credit of $4,591.85 to AMIC.
The judgment for $92,860.32 is amended to $88,268.47, plus interest from July 10, 1991 until payment tendered.
As amended, the judgment is affirmed.
AFFIRMED AS AMENDED
NOTES
[1] Originally Melton and his counsel filed a petition for reimbursement of attorney's fees and costs not in the 34th Judicial District Court (the court where his personal injury suit was tried), but in the 19th Judicial District Court in order to have jurisdiction and venue over AMIC, a foreign insurer. On November 28, 1988 their summary judgment motion was granted in part as to AMIC's liability, but denied in part as to the amount of attorney's fees. In the same court on July 8, 1991 Melton and his counsel filed a notice of intent to proceed summarily under Moody v. Arabie, 498 So.2d at 1081, which allowed Melton to file a motion in the principal case in the 34th Judicial District Court to seek a proportionate share of his attorney's fees from his employer's compensation carrier. He then filed in the 34th Judicial District Court.