I LAUNDERS, Judge.
Defendant-appellant, State of Louisiana, Department of Corrections, appeals from the hearing officer’s ruling finding plaintiff-ap-pellee, Victor Clark, entitled to an award of penalties and attorney’s fees and reinstatement of temporary total disability benefits until such time that his medical status changes.
For the reasons which follow, we affirm the hearing officer’s judgment.

FACTS

Plaintiff-appellee, Victor Clark (hereafter CLARK), worked as a security guard for the defendant-appellant, State of Louisiana, Department of Corrections (hereafter DOC) at the Angola State Penitentiary from February 1979 until he sustained a work-related accident. CLARK injured himself during the course and scope of his employment on October 3, 1987, when he slipped and fell down steps in a guard tower on the grounds of the penitentiary. CLARK received temporary total disability benefits in the amount of $262.00 per week from the date of the accident until he voluntarily retired from his job on February 14, 1990. Beginning on February 14, 1990, I2DOC unilaterally converted the temporary total disability benefits to supplemental earnings benefits in the amount of $1,048.00 per month. On or about February 17, 1992, approximately 104 weeks after the conversion of CLARK’S disability benefits from temporary total disability benefits to supplemental earnings benefits, DOC terminated the supplemental earnings benefits contending that pursuant to La.R.S. 23:1221(3)(d)(iii) it was only required to pay supplemental earnings benefits for a 104 week period after the claimant retired.
By stipulation, the only issue before the hearing officer was whether DOC had a right to convert CLARK’S disability benefits to supplemental earnings benefits upon his retirement. The hearing officer ruled that under the circumstances, DOC’S conversion of CLARK’S temporary total disability benefits to supplemental earnings benefits was improper and contrary to law. In addition, the hearing officer awarded CLARK $2,500.00 in penalties and attorney’s fees, finding that DOC acted in an arbitrary and capricious *469 manner in converting and then subsequently terminating CLARK’S benefits.
From those rulings, the defendants appeal.

I. Issues Presented

1) Whether the trial court erred in ruling that defendant’s conversion of temporary total disability benefits to supplemental earnings benefits was contrary to law. 2) Whether the trial court erred in ruling that defendant was arbitrary and capricious in terminating benefits and in awarding penalties ánd attorney’s fees.
II. Law and Argument — Issue I
Whether the trial court erred in ruling that defendant’s conversion of temporary total disability benefits to supplemental earnings benefits was contrary to law.
On February 14,1990, CLARK voluntarily retired from his employment as a security guard with the state. CLARK’S treating physician testified at trial that CLARK needed more surgery and/or rehabilitative work before hé returned to work in any capacity. The litigants stipulated that the degree and permanency of CLARK’S disability, if any, and his chances of recovery and returning to the work force were not at issue.
It is undisputed that DOC converted CLARK’S temporary total disability benefits to supplemental earnings benefits because he retired, i.e. elected to take his state retirement. Defendant argues that CLARK’S act of retirement is a triggering mechanism that ipso facto allowed it to convert its injured employee’s benefits to ^supplemental earnings benefits. DOC cites no statute or jurisprudence to support its contention.
Louisiana R.S. 23:1221(l)(d), provides the manner by which an employer may terminate temporary total disability benefits:
“An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made, and the employee’s physical condition has improved to the point that continued, regular treatment by a physician is not required, or six months after the injury, whichever first occurs. If the claimant contends that his disability is of a temporary nature, but extends beyond this six-month period, he must submit a claim for extension of the period of temporary total disability under R.S. 23:1310.3.” . .
An injured worker is entitled to receive temporary total disability benefits from the date of his disabling injury until either party shows a lawful ground for a change in his status. See Hopes v. Domtar Industries, 627 So.2d 676, 686 (La.App. 3d Cir.1993)[1] (citing Johnson v. Ins. Co. of N. America,, 454 So.2d 1113, 1117-1119 (La.1984) and Alfred v. City of Eunice, 503 So.2d 1131 (La.App. 3d Cir.), writ denied, 505 So.2d 63 (La.1987)). Defendant presented no evidence that CLARK was able to return to work or that his treating physician released him to return to work in any capacity. It is well established in Louisiana jurisprudence that an employer can change temporary total disability benefits to supplemental earnings benefits only when the employee has been released back to work by his treating physician. Mitchell v. Abbeville General Hosp., (1994) 635 So.2d 540; Tassin v. Cigna Ins. Co., 583 So.2d 1222 (La.App. 3d Cir.1991). In this case, DOC failed to establish a lawful ground for a change in CLARK’S status as temporarily totally disabled.
By stipulation, DOC removed from dispute all issues concerning CLARK’S disability, and instead relied on its right to convert CLARK’S temporary total disability benefits to supplemental earnings benefits because CLARK allegedly removed himself from the work force. This court, like DOC in its brief, is unable to find and cite any authority that supports DOC’S contention that it can unilaterally convert an injured worker’s disability benefits to supplemental earnings benefits *470 even if the injured worker has left the work force. Therefore, we find no manifest error in the hearing officer’s interpretation of the law and its ruling that reinstated CLARK’S temporary total disability benefits retroactive to the date of the conversion with credit for funds paid toJjCLARK in the form of supplemental earnings benefits.[2] Rosell v. Esco, 549 So.2d 840 (La.1989); Alexander v. Pellerin Marble & Granite (La.1994) 630 So.2d 706.
Addressing the appropriateness of awarding supplemental earnings benefits, we point out that an injured worker is entitled to those benefits when the injury results in the worker’s inability to earn wages equal to ninety percent or more of the wages that he was earning at the time of his work-related injury. La.R.S. 23:1221(3)(a). For example, if in the future (1) nothing more medically can be done to improve CLARK’S disability and (2) he is found to be permanently partially disabled and (3) unable to earn ninety percent of his pre-injury wages, then the employer may seek to reclassify his benefits to supplemental earnings benefits. In this case, however, no evidence was presented to support that reclassification.
Moreover, we find no evidence in the record which supports the conclusion that CLARK has permanently withdrawn from the work force. The uncontradicted evidence at trial indicates that CLARK wants to return to work and that his physicians believe with more treatment he may be able to return to work. See West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1147 (La.1979). The mere fact that CLARK took regular retirement from his job is insufficient evidence to support a finding that he has permanently withdrawn from the work force. An injured worker’s election to take the benefits to which he is entitled under the retirement plan of his employer by reason of his long and faithful service to his employer should not deprive him of any other benefits which his employer is obligated to provide to him under the worker’s compensation law. See, Breaux v. Travelers Insurance Company, 526 So.2d 284, 290 (La.App. 3d Cir.1988). When looking for employment, employees often consider the retirement benefits made available to them by the employer and by the same token employers use their respective retirement programs, e.g. 401K plans, as an incentive to attract qualified and competent personnel. An employee’s regular contribution to a retirement account is not made to protect him against the unexpected costs of a work-related injury, but rather to guarantee the worker funds with which to live and enjoy the golden years of his life. Assuming arguendo that DOC’S assessment of the law was correct, we find no evidence to support its contention that CLARK has permanently withdrawn himself from the work force.
15II. Law and Argument — Issue II
Whether the trial court erred in ruling that defendant was arbitrary and capricious in terminating benefits and in awarding penalties and attorney’s fees.
A determination of whether a defendant should be cast with penalties and attorney’s fees is essentially a question of fact. “A hearing officer has great discretion in the award of attorney’s fees and will not be disturbed absent manifest error.” Hubert Dietz v. Guichard Drilling Co., 626 So.2d 79, 83 (La.App. 3d Cir.1993). “The employee’s right to such benefits will be deemed reasonably controverted if the employer or insurer had a reasonable basis for believing that medical expenses and compensation benefits were not due the employee.” Crowley v. City of Lafayette, 602 So.2d 40, 46 (La.App. 3d Cir.), writ granted, 601 So.2d 663 (La. 1992); reversed in part, 609 So.2d 199 (La. 1993) (citing Guidry v. United Furniture Distributor, 544 So.2d 100 (La.App. 3d Cir. 1989)).
We find no support in the law or in the jurisprudence for the termination of CLARK’S temporary total disability benefits and conversion to supplemental earnings benefits. DOC did not raise the issue of CLARK’S disability or its obligations to pay medical and compensation benefits, and thus, failed to establish a lawful ground for termi *471 nating temporary total disability benefits. We find, therefore, that it can not complain that there was probable cause for its termination and conversion of benefits.
We find no manifest error in the hearing officer’s ruling that DOC was arbitrary and caprieious in handling CLARK’S claim and affirm its award of penalties and attorney’s fees. Rosell, supra; Alexander, supra.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed
Cost of this appeal in the amount of $360.00 is assessed to defendant, State of Louisiana, Department of Corrections.
AFFIRMED.

. In Hopes, this court held "[T]hat when an injured manual laborer is disabled at the time of trial from performing physical labor and is still undergoing medical testing and treatment with an indefinite recovery period, yet it appears reasonably certain he will be able to engage in the same or other gainful occupation within a foreseeable period of time, he is entitled to benefits for temporary total disability.” 627 So.2d at 685.

. We further note that DOC is not entitled to an offset or reduction in workers’ compensation benefits for state retirement benefits paid to its employee. La.R.S. 23:1225.