804 So.2d 889 (2001)
Leo VEAL, Sr.
v.
AMERICAN MAINTENANCE & REPAIR, INC. and The Travelers Insurance Co.
No. 2000 CA 2245.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
Dele A. Adebamiji, Felecia E. Adebamiji, Baton Rouge, LA, for plaintiff/appellee, Leo Veal, Sr.
L. Dean Fryday, Jr., Baton Rouge, LA, for defendants/appellants, American Maintenance & Repair, Inc. and The Travelers Insurance Company.
BEFORE: CARTER, C.J., PARRO, and CLAIBORNE,[1] JJ.
CARTER, C.J.
The issue presented in this appeal is whether a judgment rendered on October 2, 1991, provided that a workers' compensation claimant would receive benefits beyond the date of his trial. This is the fourth time this matter has been before this court for review since the initial judgment was rendered.[2]

*890 FACTS AND PROCEDURAL HISTORY
Leo Veal, Sr., was injured while repairing a diesel engine during his employment with American Maintenance & Repair, Inc. on May 25, 1988. Mr. Veal was diagnosed with a compound fracture of the third metacarpal with a partial laceration of the extensor tendon and a skin avulsion of the dorsum of the right hand.
Mr. Veal was treated for his injury for approximately six months and was released to return to work, subject to certain lifting restrictions, on November 30, 1988. Mr. Veal was paid workers' compensation, along with all related medical expenses, from the date of the accident until December 28, 1988, when his benefits were stopped. Thereafter, Mr. Veal filed suit in district court against American Maintenance & Repair, Inc. and its workers' compensation insurer, Aetna Casualty & Surety Company[3] (collectively referred to as defendants), alleging he was totally and permanently disabled.
Following a trial on Mr. Veal's claims, the trial court rendered judgment on October 2, 1991, in Mr. Veal's favor and awarded weekly benefits and medical expenses from the date of the accident through the date of trial. The judgment of the trial court was affirmed by this court on December 23, 1992. Veal v. American Maintenance & Repair, Inc., 612 So.2d 1070 (La.App. 1st Cir.1992) (unpublished).
On February 1, 1993, Mr. Veal filed a "Motion to Clarify Judgment" in the trial court. According to the February 12, 1993 minutes contained in the record, the October 2, 1991 judgment was discussed, but no written order was issued. On March 23, 1993, defendants deposited funds awarded in the October 2, 1991 judgment, including workers' compensation payments for the period between December 28, 1988, through the trial date, September 18, 1991, into the registry of the court. The funds were disbursed to Mr. Veal on June 24, 1993. However, the defendants never paid any monies to Mr. Veal beyond the date of his trial.
On March 18, 1994, Mr. Veal filed a "Petition for Recertification of Workmen's Compensation" in the trial court, which included a claim for his continued compensation. The defendants filed peremptory exceptions raising the objections of res judicata and prescription, which were sustained by the trial court. Mr. Veal appealed the dismissal of his petition. In an opinion issued June 23, 1995, this court interpreted Mr. Veal's petition for recertification as a petition for modification and reversed the trial court. The matter was remanded to the Office of Workers' Compensation Administration (OWC), because the district court no longer had subject matter jurisdiction. See Veal v. American Maintenance & Repair, Inc., 94-2164 (La. App. 1st Cir. 6/23/95), 657 So.2d 732.
Apparently, when Mr. Veal tried to pursue his claim in the OWC, the defendants filed a declinatory exception to the OWC's subject matter jurisdiction. The exception was denied by the OWC, and the defendant applied for a supervisory writ to this court. Although the writ application is not in the record, this court's decision on the writ is in the record and shows the matter was transferred back to the district court. Veal v. American Maintenance & Repair, Inc., 99-0438 (La.App. 1st Cir. 5/7/99) (unpublished writ action).
On November 29, 1999, Mr. Veal filed a "Motion to Enforce Original Workers' *891 Compensation Judgment" in the district court contending that defendants never paid everything they were ordered to pay in the original judgment. After hearing the arguments of Mr. Veal and defendants, the trial court found that the October 2, 1991 judgment provided that Mr. Veal was to continually receive workers' compensation benefits until that judgment was changed by a later determination.
Defendants appeal, urging that the trial court's ruling was a prohibited substantive change to a final written judgment and that a motion for enforcement of judgment is not a proper vehicle to amend a final written judgment.

DISCUSSION
The October 2, 1991 judgment provided the following, in pertinent part:
Defendants are to pay to Plaintiff the maximum amount of compensation benefits due from the date of accident on May 25, 1988, through this trial date, September 18, 1991, together with all related medical expenses, less a credit to Defendants for compensation paid from May 25, 1988 through December 28, 1988, reserving to Defendants all of their rights for review at a later time, depending on new medical evaluations. (Emphasis ours.)
The first issue to be resolved involves whether the October 2, 1991 judgment is ambiguous. If a judgment is ambiguous, it is susceptible to more than one meaning. The October 2, 1991 judgment awards Mr. Veal the maximum amount of compensation from the date of his accident through the trial date, September 18, 1991. Defendants argue that there is a defined time period that represents the period in which Mr. Veal was to receive payment. However, the judgment also expressly grants the defendants the right for review at a later time depending on new medical evaluations. The trial court concluded that if the judgment had awarded benefits for a defined period of time, there would be no need to reserve rights of review in the future. We agree with the trial court's finding that the judgment, as written, could mean two different things.
Our focus centers on the phrase in the October 2, 1991 judgment that awards workers' compensation benefits "due from the date of accident on May 25, 1988, through this trial date, September 18, 1991." The word "through" is subject to different meanings, including "without stopping for." It can also be used as a function word indicating a period of time, such as "from the beginning to the end of" or "to and including." See Merriam Webster's Collegiate Dictionary 1230 (10th ed.1997). Considering these different definitions, we find that the phraseology of the judgment as a whole creates some confusion as to whether the judgment awarded benefits beyond the date of trial.
In construing a judgment, the entire context must be considered, and in the event of doubt or ambiguity it is proper to consider the pleadings, subject matter of the suit, reasons for judgment, and other matters of record in order to arrive at an interpretation consistent with a proper decree on the facts and law presented. State, Department of Transportation & Development v. Sugarland Ventures, Inc., 476 So.2d 970, 974 (La.App. 1st Cir.), writ denied, 478 So.2d 909 (La.1985); see also Hughes v. Whitehead, 329 So.2d 775, 778 (La.App. 1st Cir.1976).
Mr. Veal contends that this judgment entitles him to ongoing compensation benefits from the date of the trial until the judgment is modified by a later judgment. In support of his argument, Mr. Veal argues that if the judgment did not provide for ongoing benefits, then there would have been no need for the trial court to reserve the defendants' rights based on a *892 new medical evaluation. Additionally, Mr. Veal presents the following exchange that took place after the trial judge issued his oral reasons for judgment:
[Defense Counsel]: Can I ask a couple of questions, your honor, just for clarity?
The Court: Yes.
[Defense Counsel]: Are you saying that henceforth the man is to receive compensation or are you saying through today?
The Court: No, I'm saying henceforth until changed by another judgment.
The record contains a "Motion to Set Suspensive Appeal Bond" filed by defendants following the October 2, 1991 judgment. The defendants requested that the trial court set a suspensive appeal bond, because "The judgment in question allows benefits over an `indeterminable' period [of] time, such that these defendants are desirous of appealing this matter, but cannot determine the amount of the suspensive appeal bond that would be necessary under Louisiana [Workers'] Compensation law."
When considering the record as a whole, it becomes obvious that the trial court awarded Mr. Veal ongoing benefits beyond the date of trial and that the defendants were well aware of this fact. Defendants' argument that for the trial court to interpret the written judgment is an untimely substantive change to the October 2, 1991 judgment that is prohibited by LSA-C.C.P. art. 1951[4] is rejected based on the ambiguity of the October 2, 1991 judgment.
Accordingly, the trial court's judgment interpreting the October 2, 1991 judgment as providing ongoing workers' compensation benefits to Mr. Veal and ordering enforcement of the October 2, 1991 judgment is affirmed. We agree that Mr. Veal is entitled to workers' compensation benefits from September 19, 1991, until there is another judgment finding a modification in his disability status. While we realize that this may be a harsh judgment in the eyes of defendants, because they chose to avoid paying their obligation and/or reevaluating Mr. Veal based on their interpretation of the written judgment, there is ample evidence in the record to indicate the defendants were aware that the original trial court's intentions were to award Mr. Veal continuing benefits.

CONCLUSION
The decision of the trial court on the "Motion to Enforce Original Workers' Compensation Judgment" is affirmed. Leo Veal, Sr., is to be awarded compensation payments retroactive to September 19, 1991, until his disability status is changed by another judgment. The matter is remanded to the trial court for a determination of the amount of his award plus interest. All costs of this appeal are assessed to defendants, American Maintenance & Repair, Inc. and The Travelers Insurance Company.
AFFIRMED AND REMANDED.
PARRO, J., concurs with the results only.
NOTES
[1] Hon. Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Veal v. American Maintenance & Repair, Inc., 612 So.2d 1070 (La.App. 1st Cir.1992) (unpublished); Veal v. American Maintenance & Repair, Inc., 94-2164 (La.App. 1st Cir. 6/23/95), 657 So.2d 732; Veal v. American Maintenance & Repair, Inc., 99-0438 (La.App. 1st Cir. 5/7/99) (unpublished writ action).
[3] The Travelers Insurance Company is the successor to Aetna Casualty and Surety Company.
[4] LSA-C.C.P. art 1951 provides: A final judgment may be amended by the trial court at any time with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) To correct errors of calculation.

Moreover the jurisprudence has held that the proper vehicle for a substantive change in a judgment is a timely motion for new trial or a timely appeal. Rebco Marine, Inc. v. Homestead Insurance Company, 96-1975, p. 3 (La. App. 1st Cir. 12/29/97), 706 So.2d 508, 510.