923 So.2d 668 (2005)
Leo VEAL, Sr.
v.
AMERICAN MAINTENANCE AND REPAIR, INC. and Aetna Casualty & Surety Co.
No. 2004 CA 1785.
Court of Appeal of Louisiana, First Circuit.
September 23, 2005.
*670 James C. Ferguson, Johnnie A. Jones, Sr., Baton Rouge, for Plaintiff-Appellant, Leo Veal, Sr.
L. Dean Fryday, Jr., Baton Rouge, for Defendants-Appellees, American Maintenance & Repair, Inc. And Aetna Casualty & Surety Co.
Dele A. Adebamiji, Michelle M. Sorrells, Baton Rouge, Intervenors/Appellees, In proper person.
Before: CARTER, C.J., GUIDRY, and GAIDRY, JJ.
CARTER, C.J.
This is a suit to recover workers' compensation benefits. This is the fifth time the matter has been before this court for review of the district court's award of benefits to plaintiff, Mr. Leo Veal, Sr., after a 1988 work-related injury.[1] The main issue presented in this appeal is whether the district court's most recent judgment of June 23, 2004, improperly altered the original district court judgment rendered October 2, 1991 (the 1991 judgment), as well as this court's fourth judgment of December 28, 2001, interpreting the 1991 judgment as awarding plaintiff ongoing and continuous workers' compensation benefits until another judgment finds a modification in plaintiff's disability status. In Veal v. American Maintenance & Repair, Inc., 00-2245 (La.App. 1 Cir. 12/28/01), 804 So.2d 889, 892 (hereafter referred to as "Veal IV"), we remanded the case to the district court for a determination of the amount of plaintiff's award.[2]

BACKGROUND
The facts and long procedural history for this case have been repeatedly and sufficiently outlined in detail in our previously published opinions, Veal II and Veal IV (cited in footnote 1). Therefore, we will not repeat the full background in this opinion.
*671 Plaintiff was injured while on the job in 1988.[3] He filed suit on January 23, 1989, alleging that he was totally and permanently disabled. After a trial, the district court rendered the 1991 judgment, which provided in pertinent part:
Defendants are to pay to Plaintiff the maximum amount of compensation benefits due from the date of accident on May 25, 1988, through this trial date, September 18, 1991, together with all related medical expenses, ... reserving to Defendants all of their rights for review at a later time, depending on new medical evaluations. (Emphasis ours.)
In Veal IV, we affirmed a subsequent district court judgment interpreting the 1991 judgment as providing plaintiff continuous and ongoing workers' compensation benefits from the date of trial until another judgment finding a modification in plaintiff's disability status. We remanded the case back to the district court for a determination of the amount of plaintiff's award plus interest. Veal IV, 804 So.2d at 892.
In response to this court's ruling in Veal IV, plaintiff filed a motion in the district court to enforce the original 1991 judgment and this court's ruling in Veal IV. Plaintiff also sought penalties and attorney fees for defendants' failure to pay the ongoing benefits until his disability status is modified by another judgment. Defendants, American Maintenance & Repair, Inc. and its workers' compensation insurer, Aetna Casualty & Surety Company,[4] deposited $159,977.00 into the registry of the district court.[5] Defendants maintained that the deposited amount was the amount due (according to plaintiff's own calculations) under the judgment as of that time, representing the principal and legal interest without attorney fees and penalties.
A hearing was held in the district court on January 9, 2004, for the determination of the amount of the award, a determination of whether plaintiff was entitled to penalties and attorney fees, and for the proper allocation of the fees between the attorneys. After the hearing, the district court signed a judgment on June 23, 2004 (the 2004 judgment), ordering that the amount of plaintiff's award was $159,997.00; finding that defendants were arbitrary and capricious; ordering defendants to pay attorney fees and penalties pursuant to LSA-R.S. 23:1201 G (24% of the $159,997.00 award);[6] assessing costs to each party; and ordering a separate hearing to determine the allocation of the fees between the attorneys.
Plaintiff appeals the 2004 judgment, contending that the district court erred by rejecting the law of the case and altering the substance of the 1991 judgment when it limited the award to 520 weeks of benefits, disregarding this court's judicial determination that plaintiff was entitled to continuous and ongoing benefits until another *672 judgment is rendered modifying plaintiff's disability status. Plaintiff also contends that the district court erred in its calculation of the award and erred in assessing him with costs after finding defendants' actions were arbitrary and capricious. Defendants have not answered or responded in any way to plaintiff's appeal.

STANDARD OF REVIEW
The manifest error standard of review applies in workers' compensation cases and great deference is accorded to the district court's factual findings and reasonable evaluations of credibility. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733, 737; Bruno v. Harbert Intern., Inc., 593 So.2d 357, 361 (La.1992). The same standard is applicable to the determination of a plaintiff's disability, since it is an issue of fact. Hopes v. Domtar Industries, 627 So.2d 676, 682 (La.App. 3 Cir.1993) (citing Landry v. Central Industries, Inc., 592 So.2d 478, 480 (La.App. 3 Cir.1991), writ denied, 593 So.2d 381 (La.1992)); Hamilton v. Georgia Pacific Corp., 344 So.2d 400, 403 (La.App. 1 Cir.1977).

DISABILITY STATUS
The majority of plaintiff's complaints herein revolve around statements made by the district court in its written reasons for the 2004 judgment, not in the language of the judgment itself. In its written reasons, the district court re-analyzed the 1991 judgment to determine plaintiff's original disability rating. After discussing the relevant burden of proof for 1988 work-related injuries, the district court determined that the plaintiff was entitled to temporary and total disability (TTD) benefits. The record reveals a reasonable factual basis for this finding, and we find no manifest error in this factual determination.
We note, however, that the district court incorrectly referred to a 520-week limit in its written reasons for the 2004 judgment. The language of the original 1991 judgment awards "the maximum amount of compensation benefits." This court has already determined in Veal IV that plaintiff's benefits are continuous and ongoing until another judgment modifies plaintiff's disability status. This is the law of the case and we will not reconsider our previous ruling on that issue. See Lejano v. Bandak, 97-0388 (La.12/12/97), 705 So.2d 158, 170, cert. denied, 525 U.S. 815, 119 S.Ct. 52, 142 L.Ed.2d 40 (1998).
We have searched the entire record and we have found no evidence that plaintiff's TTD benefits have ever been converted to supplemental earnings benefits (SEB) or judicially modified in any way. A time limit of 520 weeks only applies to SEB benefits, not TTD benefits. An award of TTD benefits ceases when the physical condition of the employee has resolved itself or improved to the point that continued regular treatment by a physician is not required. See LSA-R.S. 23:1221.[7] The record is void of any medical evidence that would trigger cessation of plaintiff's TTD benefits. Plaintiff's uncontradicted testimony is that he has not been able to work since the 1988 injury and continues to undergo medical treatment.
We have concluded that the district court's statements limiting plaintiff's benefits to 520 weeks in its written reasons for judgment were erroneous. However, we are not bound by those statements. Consequently, the district court's improper limitation of the duration of the benefits is not at issue in this appeal. Appeals lie from the judgment itself, not the reasons *673 for judgment. See LSA-C.C.P. art. 2083. An appeal is the exercise of a party's right to have a judgment of the district court reviewed by an appellate court. See LSA-C.C.P. art. 2082. Where the reasons for judgment are flawed, but the judgment is correct, the judgment controls. Reasons for judgment only set forth the basis for the court's holding and are not binding. Melton v. General Elec. Co., Inc., 625 So.2d 265, 268 (La.App. 4 Cir.1993). Therefore, because the 2004 judgment only recites the amount of the award and is silent as to the duration of the benefits, we are only required to review the amount awarded for the benefits. The duration of the benefits was previously judicially determined in Veal IV to be ongoing and continuous until another judgment modifies plaintiff's disability status. The record reveals no judicial modification of plaintiff's disability status.

AWARD
The transcript of the hearing preceding the 2004 judgment shows that the $159,997.00 award was limited by plaintiff's own voluntary action of jointly stipulating and confessing to the value of his workers' compensation claim calculated as TTD benefits, not by anything that the district court independently determined. It is well settled that a stipulation has the effect of a judicial admission or confession, binding all parties and the court. Stipulations between the parties are binding on the district court when not in derogation of the law. LSA-C.C. art. 1853; Robling v. Allstate Ins. Co., 97-0582 (La.App. 1 Cir. 4/8/98), 711 So.2d 780, 786-787; Stevens v. Winn-Dixie of Louisiana, 95-0435 (La. App. 1 Cir. 11/9/95), 664 So.2d 1207, 1212. Consequently, plaintiff is bound by his stipulation as to the amount of the award. There is an absence in the record of any reasonable basis for finding this award was manifestly erroneous.[8] Therefore, we affirm the amount awarded in light of the joint stipulation of the parties that $159,997.00 was the amount due to plaintiff for his TTD benefits during the time period in question.[9]

ASSESSMENT OF COSTS
Finally, we find no merit to plaintiff's contention that the district court erred in assessing him with payment of his own costs in the proceeding after determining that defendants' actions were arbitrary and capricious. LSA-C.C.P. art. 1920 provides that the district court may render judgment for costs, or any part thereof, against any party, as it may consider equitable. Likewise, under workers' compensation law, costs may be awarded in the court's discretion as in other civil proceedings. See LSA-R.S. 23:1317 B; Boleware v. City of Bogalusa, 01-1014 (La. App. 1 Cir. 12/20/02), 837 So.2d 71, 77. Although a party cast in judgment should generally be taxed with costs, the trial court may assess costs of a suit in any equitable manner. Cortes v. Lynch, 02-1498 (La.App. 1 Cir. 5/9/03), 846 So.2d 945, 953. On review, the district court's assessment of costs can be reversed only upon a showing of an abuse of discretion. Washington v. Lyon's Specialty Co., 96-0263 (La.App. 1 Cir. 11/8/96), 683 So.2d 367, 381, writ denied, 96-2944 (La.1/31/97), 687 So.2d 408.
*674 Plaintiff was successful in his motion to have the award set and his demand for penalties and attorney fees. However, the parties essentially agreed upon the amount of the award without any necessary determination made by the district court. Whenever a prevailing party is taxed with costs of litigation, it is usually because that party in some way incurred additional costs pointlessly. Laughlin v. Breaux, 515 So.2d 480, 485 (La.App. 1 Cir.1987). It is arguable that plaintiff needlessly sought a determination of the award from the district court after the parties had already agreed upon a figure. In this case, we find no abuse of discretion in the district court's assessment of costs.

CONCLUSION
For the foregoing reasons, we amend the district court's 2004 judgment to reflect that plaintiff is entitled to temporary total disability benefits that are continuous and ongoing until another judgment is rendered modifying plaintiff's disability status.[10] The judgment as amended is affirmed. All costs of this appeal are to be paid by defendants.
JUDGMENT AMENDED, AFFIRMED AS AMENDED, AND RENDERED.
GAIDRY, J., concurs.
GUIDRY, J.,
dissents from that portion of the opinion affirming the assessment of costs to the plaintiff and concurs in the remaining portions of the opinion.
NOTES
[1] Our previous actions were: Veal v. American Maintenance & Repair, Inc. (La.App. 1 Cir.1992), 612 So.2d 1070 (unpublished) ("Veal I"); Veal v. American Maintenance & Repair, Inc., 94-2164 (La.App. 1 Cir. 6/23/95), 657 So.2d 732 ("Veal II"); Veal v. American Maintenance & Repair, Inc., 99-0438 (La.App. 1 Cir. 5/7/99) (unpublished writ action) ("Veal III"); and Veal v. American Maintenance & Repair, Inc., 00-2245 (La.App. 1 Cir. 12/28/01), 804 So.2d 889 ("Veal IV"). We note that this opinion ("Veal V") is being published in accordance with LSA-R.S. 23:1310.5 F.
[2] It was ultimately determined in a 1999 unpublished writ action of this court (See Veal III in previous footnote) that subject matter jurisdiction for this particular workers' compensation case remained in the district court because plaintiff's action involved enforcement of a prior district court judgment as well as penalties and attorney fees ancillary to that action, rather than a modification of plaintiff's claim. Previous opinions rendered by this court in this matter are now the law of the case. The law of the case doctrine embodies the rule that an appellate court will not reconsider its own rulings of law in the same case, including decisions rendered on supervisory writ applications. Lejano v. Bandak, 97-0388 (La.12/12/97), 705 So.2d 158, 170, cert. denied, 525 U.S. 815, 119 S.Ct. 52, 142 L.Ed.2d 40 (1998); Bertucci v. Lafayette Ins. Co., 02-0242 (La.App. 4 Cir. 5/21/03), 851 So.2d 1179, 1182. Therefore, we will not address subject matter jurisdiction again in this opinion.
[3] The law applicable to a workers' compensation claim is that which was in effect at the time of the injury. Bruno v. Harbert Intern., Inc., 593 So.2d 357, 360 (La.1992).
[4] The Travelers Insurance Company is the successor to Aetna Casualty & Surety Company.
[5] The motion for the deposit of the funds was actually made by plaintiff's counsel after a dispute arose between plaintiff and all of his counsel (past and present) as to the proper distribution of the funds. Two former attorneys representing plaintiff have filed petitions of intervention in this matter seeking attorney fees. The deposit represented the amount allegedly due plaintiff as of May 31, 2002.
[6] Defendants deposited $68,882.70 into the registry of the court on May 26, 2004. This amount represented the 24% statutory penalty plus interest due under the 2004 judgment. The amount of the penalty and allocation of attorney fees between the intervening attorneys is not at issue in this appeal.
[7] We are referring to the 1988 version of this statute.
[8] The one witness who attempted to testify on behalf of plaintiff regarding the amount due admitted that he did not have the correct figures to make the calculation.
[9] Counsel for both parties made the joint stipulation that $159,997.00 was the amount due from the time of the 1991 judgment through May 31, 2002. However, the actual spreadsheet that the parties jointly submitted to the district court was not in the appellate record.
[10] We note that pursuant to propositions set forth by the Louisiana Supreme Court in Ross v. Highlands Ins. Co., 590 So.2d 1177 (La. 1991) and the jurisdictional provisions in LSA-R.S. 23:1310.3 E, any petition seeking modification of plaintiff's disability status would be required to be heard by a workers' compensation judge with the Office of Workers' Compensation, whereas any petition for enforcement of a judgment would be properly heard in the district court.